## A90A1779. WHITNER v. THE STATE.
(401 SE2d 318)

SOGNIER, Chief judge.

Roy Lee Whitner was convicted and sentenced for the crimes of rape, aggravated sodomy, two counts of armed robbery, two counts of aggravated battery, two counts of burglary, and possession of a knife during the commission of various felonies, and he appeals.

Appellant originally filed a pro se appeal which was timely but not technically correct. His second attempt was dismissed by the trial court as untimely. Appellant's trial counsel then submitted an affidavit to the trial court in which he averred that he had timely informed the trial court that appellant could not afford to retain counsel for the appeal and had requested that the court appoint appellate counsel but the trial court had not done so. Counsel for appellant was then appointed and the trial court permitted this out-of-time appeal.

The evidence adduced at trial, construed to support the jury's verdict, showed that on the evening of June 18, 1988, a man forced his way into the home of the victims, a husband and wife over the age of 65. The intruder, wielding a butcher knife, grabbed the husband from behind and pressed the knife to his throat. A struggle ensued, and the intruder struck the husband on the head with a ceramic piece from a nearby table, stunning him and causing his grip on the intruder's arm to shift. The knife slashed the husband's hand, cutting all the nerves. When the wife, hearing her husband's call, entered the room, the intruder grabbed her by the neck, hit her in the nose, slashed her face, and cut off her clothing. He then put the husband in the trunk of the victims' car and led the wife back into the house, where he raped and sodomized her and took $40 from her purse. The husband was released from the trunk to locate and hand over $1,200 in one-hundred dollar bills which had been hidden, and the victims were again forced back to the carport at knifepoint where, after being ordered to reenter the trunk, the husband managed to locate a tire tool and hit the intruder, who wrested the tool away from the husband and fled. The victims then sought assistance. The husband's head wound was severe, requiring 19 stitches. The hand injury resulted in a permanent partial disability.

Patent fingerprints found in dried blood on the trunk of the car were later identified as matching those of appellant. Pubic and head hairs taken from various sources on the victims matched those of the appellant. Most of the blood from the crime scene was consistent with the victims' blood type, but one small sample matched appellant's blood type. Sperm present in the vaginal swabbings taken from the wife were forwarded to Lifecodes Corporation in Valhalla, New York, a properly equipped laboratory for DNA testing.

Lorah McNally, a Lifecodes employee, testified that she per-

formed DNA testing on the sperm from the vaginal swabbings and a sample of appellant's blood sent to her. After testifying generally about DNA testing and the procedures used at Lifecodes, she testified that the DNA patterns identified in the sperm from the swabbings and appellant's blood sample were identical and that the likelihood these patterns existed in the population in general was 1 in 94 million.

1. Appellant contends the trial court erroneously permitted him to be convicted of and sentenced for both aggravated battery and armed robbery. The offense of aggravated battery involves "maliciously caus[ing] bodily harm to another by depriving him of a member of his body, by rendering a member of his body useless, or by seriously disfiguring his body or a member thereof." OCGA § 16-5-24 (a). Armed robbery does not require physical contact of any kind. It is committed "when, with intent to commit theft, [one] takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." OCGA § 16-8-41 (a). However, in cases when the defendant has committed armed robbery and "in the course of the commission of the offense intentionally, with an offensive weapon . . . inflicted serious bodily injury on a person," such fact must be charged in the indictment and the penalty for armed robbery is increased. OCGA § 16-8-41 (b). Pursuant to that Code section, the indictments for armed robbery in this case charged that appellant, "unlawfully and with force and arms, and with intent to commit theft, did take United States currency, the property of [the victims], from the person and immediate presence of [the victims], by the use of a knife, an offensive weapon, and, in the course of the commission of said armed robbery, [appellant] did intentionally inflict serious bodily injury on the person of [the victims], with said knife." The aggravated battery indictments were drawn to charge the same serious bodily harm inflicted by the knife, and thus the same facts necessary to prove the aggravated battery charges were used up in proving the armed robbery charge. Accordingly, in this case the offenses merged as a matter of fact, and the convictions and sentences for aggravated battery must be vacated. See generally *Kelly v. State*, 188 Ga. App. 362, 363 (3) (373 SE2d 63) (1988).

2. Appellant also asserts that his trial counsel was ineffective. Appellant bases this enumeration on trial counsel's failure to object to the introduction of the DNA test evidence which, at the time of trial, had not been ruled admissible in this State. Because this issue is raised for the first time here and has never been heard in the trial court, no motion for new trial having been filed and present counsel having been appointed only on appeal, under the holding of *Smith v. State*, 255 Ga. 654 (3) (341 SE2d 5) (1986), we must remand for an

evidentiary hearing in the trial court. We note that although in *Caldwell v. State*, 260 Ga. 278 (393 SE2d 436) (1990), the Supreme Court has held that DNA test evidence is sufficiently scientifically reliable to be admitted into evidence in the courts of this State, in that case the Court pointed out that the specific protocol used by Lifecodes may be subject to criticism on several grounds, none of which was addressed in the case at bar. Accordingly, we remand to the trial court for an evidentiary hearing and determination on the issue of ineffective assistance of trial counsel. *Smith*, supra at 656.

*Judgment affirmed in part, vacated in part, and remanded with direction. McMurray, P. J., and Carley, J., concur.*

DECIDED JANUARY 9, 1991.

*Caleb B. Banks*, for appellant.
*Robert F. Mumford, District Attorney*, for appellee.