A90A2161. KUCHENMEISTER et al. v. THE STATE.
(403 SE2d 847)

BEASLEY, Judge.

Jerome and Glenda Kuchenmeister, husband and wife, were tried jointly and convicted of arson in the first degree.

1. Appellants both enumerate as error, because it placed Jerome Kuchenmeister's character in issue, the admission into evidence that Jerome had beaten his children.

The principal State's witnesses were Glenda's daughter Audrey

Cannon, Audrey's husband Gary, and David Young.

Audrey Cannon testified as follows: Her mother was trying unsuccessfully to sell a residence she owned. She was complaining about being unable to make mortgage and utility payments. In October 1985, Audrey overheard appellants and David Young talking about burning the house down. Prior to the fire, Glenda instructed Audrey to get her things out of the house, which she did.

At approximately 3:30 a.m. on October 18, the fire department responded to a fire at the house. The fire marshal testified that arson was suspected. An investigation was conducted and was initially closed due to insufficient evidence.

Gary Cannon testified that after the fire, Jerome admitted to him that he had started it and had gotten away with it by making it look like an electrical shortage.

David Young testified that appellants asked him to burn the house down in return for a share of the insurance proceeds. On the evening of October 17, he said Jerome left various flammable objects in the pantry of the house and, pursuant to his instructions, Young went to the house in the early morning hours of October 18 and ignited the fire.

On August 31, 1987, when Audrey and Gary Cannon were living in a trailer behind appellants' home, a heated argument between Audrey and her mother occurred. Testimony concerning the details surrounding this altercation is conflicting, but it is undisputed that Jerome became embroiled. Tempers flared; Audrey picked up a knife; Jerome picked up a pair of scissors; death threats were made.

Audrey testified that after the argument her sister, Tammy Kemp, told her that her mother was so upset with Audrey that she had told the fire marshal that Audrey had burned the house down. Shortly thereafter, Audrey persuaded David Young to admit his involvement in the arson to the fire marshal, which he did. Young pleaded guilty and testified against the Kuchenmeisters at trial.

The prosecuting attorney cross-examined Glenda about Jerome's involvement in the argument between Audrey and herself. He asked whether Jerome had a violent temper, and she responded that he did not. When he began asking about Jerome's children, defense counsel objected.

In a bench conference, the prosecuting attorney stated that Jerome had beaten his children so badly that they were put in foster homes by DFCS. The State argued that this was relevant to show that Jerome was the aggressor in the argument between Glenda and Audrey. He also argued that it would establish the circumstances leading to Audrey's reporting Jerome and Glenda to the fire marshal.

The court ruled that the State could question the witness about acts toward the children showing Jerome's bad temper but not about

any proceedings instituted against Jerome by the DFCS. Defense counsel objected, stating: "The question of Mr. Kuchenmeister's temper is not relevant, and it is not material to the charge of arson. It has no bearing on the charge of arson, and the only relevancy of the events of the 31st of August are what may have motivated Audrey to go to [the fire marshal] after two years." The State then questioned Glenda briefly about Jerome's violent temper as manifested in severe beatings to the children.

Audrey Cannon was called by the State as a rebuttal witness. Over objection, she testified: In August 1987, Jerome's children had been staying with her. Appellants "were real ill and hateful to the kids," although Jerome was the more hateful. "A lot of times it was just yelling at the kids when it was unnecessary. Other times it was whipping them to the extent that they would have bruises or blood up under the skin or that type of thing." On the evening of August 31, the children stayed with Audrey. The following day, her mother told Audrey that if she did not return the children, she was going to charge Audrey and Gary with kidnapping. When Audrey told the children she was taking them home, they became hysterical. Audrey took the children to the DFCS. Glenda swore out kidnapping warrants, which were dismissed by the magistrate.

Defendant moved for a mistrial after Audrey testified that the children had bruises or blood up under their skin. The court denied the motion for mistrial but stated that curative instructions would be given to the jury. It further advised: "I will ask you for your input on what those curative instructions should be, if you want it mentioned. If you prefer that it be left as it is and nothing further said to the jury, I will do that too."

The general character of the defendant is irrelevant and immaterial unless he chooses to place his character in issue. *Askew v. State*, 135 Ga. App. 56, 57 (1) (217 SE2d 385) (1975); OCGA § 24-2-2. Yet, other crimes committed by the defendant may be admitted for the purpose of illustrating such things as motive, plan, scheme, bent of mind, and course of conduct. *Hicks v. State*, 232 Ga. 393, 397 (207 SE2d 30) (1974). Nevertheless, even where these independent grounds for the admission of evidence of other crimes are present, the prejudice it creates must be outweighed by the relevance of the evidence to the issues at trial. Id. In this case, acts of cruelty to children by the defendant have no relevance whatsoever to the issues on trial. The citation to *Carroll v. State*, 155 Ga. App. 514, 515 (1) (271 SE2d 650) (1980), is inappropriate because it and the cases cited therein are inapplicable. They hold that where the veracity of a witness has been placed in issue, the witness may testify that the defendant threatened the witness, thereby influencing or seeking to influence the witness' pretrial statements or testimony at trial.

However, where prejudicial matters have been presented to the jury, the trial court, in its discretion, may determine whether a mistrial is required or whether the giving of cautionary instructions to the jury is an adequate remedial device. *Stanley v. State*, 250 Ga. 3 (2) (295 SE2d 315) (1982). Appellant expressly declined the trial court's offer to give cautionary instructions to the jury and stated that he would stand on his motion for mistrial. In this case, we cannot say that, as a matter of law, the giving of cautionary instructions would have been inadequate so that a mistrial was demanded. See *Givens v. State*, 184 Ga. App. 498, 499 (2) (361 SE2d 830) (1987); *Griffin v. State*, 251 Ga. 431, 433 (5) (306 SE2d 283) (1983).

The complained-of evidence is that Jerome beat the children. Even if a mistrial was granted as to Jerome, it would not affect the status of Glenda. *Howell v. State*, 164 Ga. App. 321 (1) (296 SE2d 367) (1982).

2. Glenda Kuchenmeister contends that a new trial, sought by motion and based upon newly discovered evidence, was required.

In the motion for new trial, appellants stated that it had come to their attention after the trial that Audrey's paternal grandmother, a 75-year-old woman living in Hall County, stated she had overhead Audrey and Gary discussing plans to frame appellants for burning the house.

Appellant did not obtain the woman's affidavit nor account for its absence. Thus there is no concrete indication as to what the newly discovered evidence would be, if a new trial were had. The trial court did not err in overruling the motion for new trial. See *Timberlake v. State*, 246 Ga. 488, 491 (271 SE2d 792) (1980); OCGA § 5-5-23.

*Judgment affirmed. Pope and Andrews, JJ., concur.*

DECIDED FEBRUARY 26, 1991 —
REHEARING DENIED MARCH 14, 1991 — 

*Edward W. Clary, Chandelle T. Summer*, for appellants.
*C. Andrew Fuller*, District Attorney, *William M. Brownell, Jr.*, Assistant District Attorney, for appellee.