A91A1632. WHITNER v. THE STATE.
(415 SE2d 52)

BIRDSONG, Presiding Judge.

This is the second appearance of this case before this court. See *Whitner v. State*, 198 Ga. App. 300 (401 SE2d 318) for the procedural history and underlying facts.

Upon remand to consider Whitner's allegation that he had been deprived of the effective assistance of counsel, the trial court held an evidentiary hearing on Whitner's allegation, and subsequently found that the original "trial counsel's performance was not deficient. Trial counsel was functioning as the counsel guaranteed the defendant by the Sixth Amendment." Accordingly, the trial court found that Whitner's claim lacked merit and dismissed his claim of ineffective assistance of counsel. Whitner appeals from that decision. *Held*:

Whitner's claim that his counsel was ineffective is grounded upon his original trial defense counsel's decision not to challenge the admissibility of DNA test evidence even though his trial was conducted before our Supreme Court's decision in *Caldwell v. State*, 260 Ga. 278 (393 SE2d 436). In our first opinion in this appeal, we noted that although *Caldwell v. State* held DNA test evidence to be sufficiently scientifically reliable to be admitted into evidence, that opinion also found the protocols used by the testing laboratory in this case may be subject to criticism on several grounds. 198 Ga. App. at 302. At the evidentiary hearing following remand, however, the DNA test evidence was not shown to be inadmissible under any of the grounds upon which *Caldwell* found the protocols might be subject to criticism.

There are two components to a claim for ineffective assistance of counsel. "First, the defendant must show that counsel's performance was deficient. Second, the defendant must show that the defense was prejudiced by the deficient performance. Both components must be shown before we can find that the conviction resulted from a breakdown in the adversary process that renders the result unreliable." (Citation and punctuation omitted.) *French v. State*, 261 Ga. 424 (405 SE2d 35). Accordingly, Whitner has only established that his counsel did not challenge the DNA test evidence. Since he did not establish

that the DNA test evidence was inadmissible, he has not established that his original trial defense counsel's performance was deficient.

Further, Whitner has also not established that he was prejudiced by his original counsel's conduct. To prove that he was prejudiced, he must show that there is a reasonable probability that the result of the proceedings would have been different if the DNA test evidence would have been excluded. In that regard, the trial court's order dismissing this claim summarized the evidence against Whitner apart from the DNA test evidence: "Briefly, the evidence against the defendant was that head hairs from a cap found at the scene had the same microscopic characteristics as the defendant's hair. Pubic hairs found on the carpet at the scene had the same microscopic characteristics as the defendant's hair. Pubic hairs found in the combings in the rape kit had the same microscopic characteristics as the defendant's hair. Pubic hair from the victim's nightgown had the same microscopic characteristics as the defendant's hair. Bloody fingerprints found on the trunk of a car at the scene matched the defendant's fingerprints, according to two witnesses. One of the victims had been locked in that car trunk, and the assailant handled the car trunk on two occasions during the course of the attack. While the victims could not identify their assailant, the defendant matched the description they had given, including the presence of a facial scar." With this evidence, we cannot conclude that there was any reasonable probability that the result in Whitner's trial would have been any different if the DNA test evidence had been excluded.

"A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous." (Citation and punctuation omitted.) *Harris v. State*, 198 Ga. App. 503 (402 SE2d 62). Accordingly, as there is evidence supporting the trial court's finding, the trial court did not err by concluding that Whitner failed to establish that he was denied the effective assistance of counsel within the meaning of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674).

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED JANUARY 29, 1992.

*A. Beth Ramshaw, Caleb B. Banks*, for appellant.
*Robert F. Mumford, District Attorney*, for appellee.