## A92A0197. OWENS v. THE STATE.
(420 SE2d 79)

COOPER, Judge

Appellant was convicted by a jury of arson and appeals from the judgment and sentence entered on the conviction and from the denial of his motion for new trial.

Juanita Herrington ("Herrington") testified at trial that she was visiting her friend, Sharon Cooper ("Cooper"), when appellant came to Cooper's house. Herrington stated that appellant began pushing and shoving Cooper and that Herrington told appellant he should not push Cooper, to which appellant responded to Herrington, "I'm going to kill you and burn your car up, too. You're going to burn baby, burn." Herrington stated that on that day appellant was driving a gold Trans Am with a Columbia County license plate; that she had seen him driving that vehicle on previous occasions; that she was familiar with his vehicle; and that she only knew appellant to drive the gold Trans Am. Two days after Herrington saw appellant at Cooper's house, she again saw appellant at which time he said to her, "I'm going to kill you and you're going to burn baby, burn. Your car's going up in smoke tonight, you're dead." Herrington returned to her home, and later in the evening, she saw a truck and a gold Trans Am parked in front of her neighbor's home. She observed both vehicles leave and return, and assumed the occupants of the vehicles were visiting her neighbors. Soon thereafter, she saw her car burning, and as she ran outside, she saw the truck and the gold Trans Am leaving at high speeds. Herrington testified that she was positive the gold Trans Am at her house belonged to appellant. Cooper's testimony at trial related the pushing episode between her and appellant as well as the angry words that occurred between appellant and Herrington. One of Herrington's neighbors testified that on the night of the fire, he saw a truck and a brown-goldish Trans Am or Firebird parked in front of his house; that a man exited the car and got into the truck; that the vehicles then left and returned; that the man who had gotten into the truck exited the truck holding a gas can; that this man walked to Herrington's car, poured gasoline on it, ignited it and the truck left; and that the man he saw ignite the car was not appellant. A second neighbor testified to essentially the same facts, and a third witness corroborated portions of the neighbors' stories. An arson investigator testified that pour patterns on the car indicated that gasoline had been poured on the car and ignited. The investigator found a can under the car, the contents of which were stipulated to be gasoline.

1. Appellant first enumerates that the trial court erred in denying his motion for a mistrial during Herrington's testimony. In response to a question regarding Herrington's visit to Cooper's house, Herrington said, "Yes, I remember when I came over to Sharon's house to

sit before I go to work at the school, Mr. Owens, known as Larry Fox, came in and pushed her and started shoving her concerning money she owed him for drugs." The jury was recessed, and after a conference with the lawyers, the trial court denied the motion for a mistrial. Immediately upon the return of the jury, the court gave curative instructions which specified the limited purposes for which Herrington's statement could be considered. Appellant contends that the testimony improperly placed his character into evidence and the curative instructions of the court were insufficient to correct the error. We need not decide whether the testimony actually placed appellant's character in issue, because, even assuming the testimony's prejudicial nature, "where prejudicial matters have been presented to the jury, the trial court, in its discretion, may determine whether a mistrial is required or whether the giving of cautionary instructions to the jury is an adequate remedial device. [Cit.]" *Kuchenmeister v. State*, 199 Ga. App. 64, 67 (403 SE2d 847) (1991). See *Tyler v. State*, 198 Ga. App. 685 (1) (402 SE2d 780) (1991). "The granting or refusing of a motion for mistrial is necessarily a matter largely within the discretion of the trial judge, and unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial, the exercise of the judge's discretion will not be interfered with. [Cits.]" *Stanley v. State*, 250 Ga. 3 (2) (295 SE2d 315) (1982). We find no abuse of discretion in the trial court's decision to give cautionary instructions and not grant a mistrial. The enumeration is without merit.

2. In his second and third enumerations of error, appellant contends that the trial court erred in not giving charges to the jury on mere presence at the scene of the crime, parties to a crime and the presumption that all fires are caused by accident or providential cause. The record does not indicate that any of these charges were requested by appellant. " '(T)his court has held that where there has been no written request to charge, failure to give the charge is not error. [Cits.]' [Cits.]" *Lamb v. State*, 196 Ga. App. 665 (3) (396 SE2d 497) (1990). In any event, a charge to the effect that mere presence at the scene of a crime alone is not sufficient for a conviction, is not authorized by the evidence in the instant case. The State presented evidence of direct threats made to Herrington by appellant which go beyond mere presence at the scene. See *Stoe v. State*, 187 Ga. App. 171 (3) (369 SE2d 793) (1988). The court charged the jury on OCGA § 16-7-61, the arson code section, which itself addresses the issue of who is a party to the crime of arson. Further, it is highly probable that the failure to charge on the presumption regarding the origin of fires did not contribute to the verdict in light of the evidence clearly indicating a criminal origin of the fire. See *Sultenfuss v. State*, 185 Ga. App. 47 (5) (363 SE2d 337) (1987).

3. Appellant concludes with his contention that the court erred in

failing to grant his motion for a directed verdict of acquittal. Appellant argues that the circumstantial evidence presented was not sufficient to support a conviction. " 'The denial of a motion for directed verdict of acquittal should be affirmed if any rational trier of fact could have found the "essential elements of the crime beyond a reasonable doubt." [Cit.]' [Cit.]" *Williams v. State*, 196 Ga. App. 682 (3) (396 SE2d 598) (1990). " 'Mere presence at the scene of a crime is insufficient to convict one of being a party to the crime, but presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.' [Cit.] Criminal intent may be found by the jury 'upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted.' [Cit.]" *Lunz v. State*, 174 Ga. App. 893 (1) (332 SE2d 37) (1985). In the instant case, although the evidence was circumstantial, it was sufficient for a rational trier of fact to find appellant guilty as a party to the crime of arson beyond a reasonable doubt. Id.; *Stoe*, supra at 173. The court did not err in denying appellant's motion for directed verdict.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 12, 1992.

*Charles R. Sheppard*, for appellant.

*Michael C. Eubanks, District Attorney, Richard E. Thomas, Nancy J. Berger, Assistant District Attorneys*, for appellee.