### A93A2513. CANTRELL v. THE STATE.
(441 SE2d 879)

COOPER, Judge.

Appellant was convicted by a jury of selling cocaine and appeals from the judgment of conviction entered on the verdict.

Officer Bridgefarmer of the Gwinnett County Police Department testified that on the night of November 22, 1991, he was participating in an undercover operation targeting street-level drug dealers. As a result of a call from a confidential informant, Officer Bridgefarmer went to a location in Buford, Georgia, where he saw two men standing on a corner. One of the men wore a blue baseball cap backward. Officer Bridgefarmer approached the man in the blue cap and asked whether he had any "rocks." The man went across the street to a fire plug, and when he returned, he opened his hand and displayed approximately four to five small packets, each containing what appeared to be one piece of crack cocaine. Officer Bridgefarmer gave the man a $20 bill in exchange for one of the packets. The substance in the packet tested positive for crack cocaine. Officer Bridgefarmer testified that although the area was dimly lit, he was able to get a good clear look at the man's face. When he returned to his office, Officer Bridgefarmer obtained a photograph from which he identified appellant as the man in the backward blue baseball cap who sold him the cocaine. Officer Bridgefarmer also identified appellant at trial as the man who sold him the cocaine.

1. Appellant first argues that the trial court erred in admitting evidence of appellant's prior conviction for selling cocaine. After Officer Bridgefarmer testified, the trial court held a hearing outside the presence of the jury to determine the admissibility of the State's similar transaction evidence, which consisted of a certified copy of appellant's 1991 conviction for selling cocaine and the testimony of Officer Voltner of the Gwinnett County Police Department. Officer Voltner testified that in 1990 while assigned to an undercover operation targeting street-level drug dealers, he drove down a street where he encountered appellant, wearing a blue baseball cap backward. Appellant waved Officer Voltner's car down and asked him what he wanted. Officer Voltner said he needed "one," and appellant reached in his front pants pocket and took out several small bags containing suspected crack cocaine. Officer Voltner gave appellant a $20 bill in exchange for one of the packets. The substance in the packet tested positive for crack cocaine. The street on which Officer Voltner pur-

chased the cocaine was less than a mile from the area where Officer Bridgefarmer purchased the cocaine. The State offered the evidence for the purpose of showing intent, scheme, bent of mind and course of conduct. The trial judge found the requisite similarity based on the close proximity of the two offenses, the wearing of the backward blue baseball cap and the fact that the crimes occurred in an almost identical manner. Prior to admitting evidence of the similar transaction, the judge gave an appropriate limiting instruction to the jury, informing them that they could only consider the evidence to illustrate state of mind, scheme, course of conduct and identity. Appellant argues that the evidence should have been excluded because there was not sufficient similarity. "[T]here is no requirement that a previous offense be absolutely identical to the one being prosecuted so as to make it admissible." (Citations and punctuation omitted.) *Hall v. State*, 198 Ga. App. 434, 435 (1) (401 SE2d 623) (1991). Therefore, the court did not err in admitting evidence of appellant's prior conviction.

2. In his second enumeration of error, appellant argues that the trial court erred in denying his motion for mistrial on the ground that the officer repeatedly testified as to the hearsay statements of the confidential informant. In response to the prosecutor's question about how he first came in contact with appellant, Officer Bridgefarmer began to explain that he received a call from a confidential informant. Before he completed his response, appellant's counsel objected on the ground that the answer was not responsive. The prosecutor rephrased the question by asking Officer Bridgefarmer what caused him to go to the area where the drugs were sold, and the officer answered: "We worked that area nightly, plus we had received a phone call." Appellant's counsel objected on the grounds that the response was hearsay. The trial judge instructed the prosecutor not to ask about any conversation between Officer Bridgefarmer and the informant. A short time later, the prosecutor asked Officer Bridgefarmer how he was able to put a name with the face of the person who sold him the cocaine. Officer Bridgefarmer responded that it was through a confidential informant who was in the area that evening. The trial judge sustained appellant's objection and ordered the jury to disregard the response. On redirect examination, the prosecutor attempted to bolster Officer Bridgefarmer's identification of appellant and asked him why he took a good long look at the photograph he obtained. The officer responded: "Just to verify in my mind that the name that I was given —" At this point, appellant's counsel objected and moved for a mistrial. The trial court denied the motion, finding that the testimony was not sufficient to infer that it was through the informant that the officer identified appellant. "The granting or refusing of a motion for mistrial is necessarily a matter largely within the discretion of the

trial judge, and unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial, the exercise of the judge's discretion will not be interfered with." (Citations and punctuation omitted.) *Owens v. State*, 204 Ga. App. 579, 580 (1) (420 SE2d 79) (1992). Considering the state of the record and the totality of the evidence, we conclude that the trial judge did not abuse his discretion in denying appellant's motion for mistrial.

3. In his final enumeration of error, appellant contends the trial court should have charged the jury that where the evidence and all reasonable deductions therefrom present two theories, one of guilt and one of innocence, the jury must acquit the defendant. "[W]e have recently held that this statement of law does not accurately state the principle addressed and should never be given." (Citations omitted.) *Johnson v. State*, 210 Ga. App. 99, 102 (2) (435 SE2d 458) (1993). Accordingly, we find no error with the trial court's failure to give the charge.

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED MARCH 4, 1994.

*Ronnie K. Batchelor*, for appellant.
*Daniel J. Porter, District Attorney, George F. Hutchinson III, Assistant District Attorney*, for appellee.