A95A1165. HESTER v. THE STATE.
(465 SE2d 288)

POPE, Presiding Judge.

Defendant appeals his conviction for selling cocaine.

Viewing the evidence in a light to support the verdict, undercover agents in a car approached an intersection and waved at a group of young men standing around. One of the group, defendant, walked over to the car and asked the agents what they wanted. An agent asked defendant if he "had any," and defendant responded that he did. Defendant again asked the agent what he wanted, and the agent said he wanted a $20. Defendant then left the car and walked back toward the group. About halfway between the car and the group he met another individual, co-defendant Rufus Frazier, and after what looked like some kind of exchange, Frazier went to the car and sold the agents a piece of crack cocaine for $20.

Defendant admitted he was present at the intersection, went over to the car and talked to the agents, but denies having anything to do with the sale.

1. Citing *Timberlake v. State*, 246 Ga. 488, 491 (1) (271 SE2d 792) (1980), defendant first argues that the trial court erred in denying his motion for an extraordinary new trial because he now has evidence not available before. Specifically, defendant now has the testimony of co-defendant Frazier, who invoked his fifth amendment right not to testify at defendant's prior trial but has since pled guilty. *Timberlake* established the test for newly *discovered* evidence under OCGA § 5-5-23, however, while this case involves newly *available* evidence. And this distinction is significant, as discussed in *United States v. Carlin*, 573 FSupp. 44 (N.D. Ga. 1983), aff'd 734 F2d 1480 (11th Cir. 1984).

The rationale employed there, taken from other courts, is sound

and fits well here. In this case as in the federal cases, there are "two critical facts" regarding the proffered testimony of a once-unavailable witness who has pled guilty and been sentenced in the interim. "First, the substance of the testimony is not in fact new evidence, since it was always known by the defendant seeking a retrial. Second, and equally important, the once-unavailable defendant who now seeks to exculpate his co-defendant lacks credibility, since he has nothing to lose by testifying untruthfully regarding the alleged innocence of the defendant seeking a retrial." Id. at 47. So, without some special circumstances, a new trial, much less a new trial pursuant to an extraordinary motion (see OCGA § 5-5-41), is not required. As no special circumstances were present here, the court did not abuse its discretion in denying the new trial.

As recognized in the logic applied in *Victrum v. State*, 203 Ga. App. 377, 378 (1) (416 SE2d 740) (1992), if a defendant cannot postpone his trial until his co-defendant becomes "available" after entering a plea or being convicted, he should not be able to obtain a new trial in the same way.

2. Citing *Webb v. Texas*, 409 U. S. 95 (93 SC 351, 34 LE2d 330) (1972), defendant also contends that the trial court deprived him of due process by improperly "driving his witness from the stand" when it advised Frazier that he would be tried for perjury if his testimony at defendant's trial conflicted with his testimony at his own later trial. In *Webb*, the trial court told a defense witness who was already in prison that if he lied, it could affect his chances for parole or increase his sentence by several years. This case is distinguishable from *Webb*, however, because unlike the witness in *Webb*, Frazier was facing trial on charges stemming from the same transaction at issue in defendant's case. Moreover, the judge in *Webb* went far beyond the judge in this case, actively discouraging the witness from testifying and even attempting to dissuade defense counsel from calling the witness. Although the court here may have gone a little too far in "assuring" Frazier he would be prosecuted for perjury if he gave conflicting testimony, it was obligated to advise Frazier of his right to not testify and warn him about the possibility of perjury charges, and it did not err in doing so.

3. Lastly, defendant contends the trial court erred in refusing to give his requested jury charge on mere presence. Defendant was not entitled to the charge, however, because his own version of the incident showed he was more than merely present.

Although the record does not contain a copy of the requested charge, it apparently was that which is contained in the Suggested Pattern Jury Instructions, Vol. II (2d ed. 1991): "The mere presence of a person at the scene of the commission of a crime at the time of its perpetration, without more, will not authorize a jury to find the

258

person who was merely present guilty of consent in, and concurrence in, the commission of the crime, unless the evidence shows, beyond a reasonable doubt, that such person committed the alleged crime, helped in the actual perpetration of the crime, or participated in the criminal endeavor."

The defendant testified that he was waved over to the undercover car, from the group of people with whom he was standing, by the passenger. He asked what the passenger wanted, and when the passenger asked whether defendant knew where he could find some drugs, he said "Yeah" and walked back to the crowd. As he was doing so, Frazier walked up to the car from the group and, without speaking to defendant along the way, transacted the sale. Defendant explained his affirmative answer by saying that these requests occurred all the time because he lived in a drug area, and he was not saying he had or could get some drugs for the interested stranger.

Thus, by his own evidence, defendant was not merely one of the crowd. He was the one from the group of four males standing together who responded to the call from the car which stopped, ascertained that the occupant wanted to purchase "a good $20," and said he knew where it could be obtained. The trial court correctly ruled that this constituted more than mere presence, so as not to warrant the charge.

*Judgment affirmed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED DECEMBER 1, 1995.

*Dickinson, Noel & Mixson, Scott P. Willis*, for appellant.
*Alan A. Cook, District Attorney, Anne M. Templeton, Assistant District Attorney*, for appellee.