## A99A0325. SERITT et al. v. THE STATE.
(516 SE2d 366)

McMurray, Presiding Judge.

Jointly tried before a jury, defendant Marvin Eugene Seritt was found guilty of battery for intentionally causing visible bodily harm to his son, Marvin Eugene Seritt, Jr. ("Marvin, Jr."), by hitting the child in the face with his fist.[1] Defendant Terry Elizabeth Seritt was found guilty of battery for intentionally causing visible bodily harm to Christopher Freeman Alan Seritt ("Chris"), by kicking that child in the face. Viewed in the light most favorable to the jury's verdicts, the evidence at trial revealed the following:

The defendants are husband and wife, and the two victims are defendant Marvin Eugene Seritt's sons from a prior marriage. Marvin, Jr. was age nine at trial, and Chris was eight. On the day in question, defendant Marvin Eugene Seritt disciplined Marvin, Jr. for urinating on the bedroom floor. In addition to spanking Marvin, Jr., defendant hit him once in the face with his hand. "Junior said his daddy punched him in the mouth. . . ." Chris Seritt testified his stepmother, defendant Terry Elizabeth Seritt, "kicked [him] in the lip and then . . . stuck [his] head in the [toilet] water," because she thought Chris had gotten up in the middle of the night to get a drink of water. Each child's version of events was corroborated by their mother, Kimberly Kay Waddell, and by Laura Worley McElrath, a detective with the Gordon County Sheriff's Department who interviewed the children separately.

Defendants' joint motion for new trial and extraordinary motion for new trial were denied, and this appeal followed. *Held*:

1. The trial court directed the prosecutor "not to go into [prior events of arguable abuse or neglect] covered by [defendants'] Motion in Limine in [the State's] case in chief." During cross-examination of Kimberly Kay Waddell, counsel for defendant Marvin Eugene Seritt asked whether Waddell pulled her car over to the side of the road upon first hearing the disturbing allegations of hitting and kicking from her sons. But rather than answering "yes" or "no," the witness instead blurted out an unresponsive reference to alleged "abuse that happened before. . . ." The trial court denied defendants' motion for mistrial but gave immediate curative instructions that the jury should "disregard the previous statement. . . . It has no relevance. It has no bearing," because defendant was on trial only for the acts alleged in the indictment. Thereafter, counsel continued his cross-examination.

(a) Defendants enumerate the denial of this motion for mistrial.

---

[1] Defendant Marvin Eugene Seritt was acquitted of another count of battery for allegedly striking his son with a belt.

There is considerable doubt whether defendants' attempt to renew the motion for mistrial at the close of all the evidence is timely. Pretermitting whether this issue was not properly preserved for appellate review, due to the failure to renew the motion immediately after the trial court's curative instructions, we conclude the trial court's curative instructions were adequate to remove the inappropriate reference to extrinsic acts from the jury's consideration, thus preserving defendants' right to a fair trial. *Maddox v. State*, 227 Ga. App. 602, 603 (2) (490 SE2d 174).

(b) In the same enumeration, defendants assign error to other instances where the trial court refused to grant a mistrial. OCGA § 5-6-40 directs the enumeration of errors "shall set out separately each error relied upon." Since we have addressed the substance of the primary error asserted in this enumeration, these additional matters will not be considered. *Robinson v. State*, 200 Ga. App. 515, 518 (2) (b) (408 SE2d 820).

2. The denial of defendants' extraordinary motion for new trial on the ground of newly discovered evidence is enumerated as error. Our review is circumscribed because motions for new trial on this ground are addressed to the sound discretion of the trial judge, and a refusal to grant the motion will not be reversed unless that discretion is abused. *Davis v. State*, 221 Ga. App. 375, 377 (471 SE2d 307).

At the hearing on their motion, defendants proffered the expert opinion testimony of a licensed psychologist, Richard D. Hark, who conducted court-ordered evaluations of defendants and the two boys[2] as part of a parent visitation assessment in a separate civil action to "determine whether or not the children would be safe in visiting Mr. and Mrs. Seritt." At the time of defendants' criminal trial, Dr. Hark "hadn't finished the assessments yet."

Defendants' trial was conducted on November 5 and 6, 1997. As of November 1997, both boys were taking medication for attention deficit disorder ("ADD"), and Dr. Hark was particularly interested in "whether the medication was effective, because that [affects] a child's ability to make sense, to — either not distort reality or to remember it correctly." In Dr. Hark's opinion, both children were undermedicated. An undermedicated ADD child is impulsive, dis-inhibited, and rambunctious. He or she "often distorts the truth or distorts reality, has memory problems, will give inconsistent comments, will tend to exaggerate."

"It is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court: (1)

---

[2] The natural mother, Kimberly Kay Waddell, refused to participate in family sessions with Dr. Hark.

that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness." [Cits.] All six requirements must be complied with to secure a new trial. [Cit.] Implicit in these six requirements is that the newly discovered evidence must be admissible as evidence.

*Timberlake v. State*, 246 Ga. 488, 490-491 (1) (271 SE2d 792).

We assume, without deciding, evidence showing Marvin, Jr. or Chris was, either at the time of the incident or at trial, under medication capable of altering his perception of reality is material and not merely impeaching. But in this case, such medical opinion evidence is not newly discovered. It is merely newly available from this particular witness. See *Davis v. State*, 221 Ga. App. 375, 377, supra, applying *Hester v. State*, 219 Ga. App. 256 (1) (465 SE2d 288). This type of medical opinion evidence could have been offered by the physician who prescribed the medication for ADD. It was not necessary to await the results of Dr. Hark's court-ordered family assessment in order to obtain an admissible medical opinion as to the behavior, perception, and memory of non-medicated or undermedicated ADD children. For aught that appears of record, defendants did not seek county assistance to obtain an expert witness nor did they move for a continuance of the trial pending the outcome of Dr. Hark's assessment. As there are no special circumstances present in this case, the trial court did not abuse its discretion in denying defendants' extraordinary motion for new trial on the ground of newly discovered evidence. Id. at 257 (1).

3. Defendants enumerate the general grounds for their respective convictions for battery.

(a) "A person commits the offense of battery when he or she intentionally causes substantial physical harm or visible bodily harm to another." OCGA § 16-5-23.1 (a). As used in this Code section, the term "visible bodily harm" includes "substantially blackened eyes, substantially swollen lips or other facial or body parts, or substantial bruises to body parts." OCGA § 16-5-23.1 (b).

On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. An appellate court does not weigh the evidence or

judge the credibility of the witnesses but only determines whether the evidence to convict is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). [Cit.] Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. So long as there is some competent evidence, even though contradicted, to support each element of the State's case, the jury's verdict will be upheld. [Cit.]

*Ringo v. State*, 236 Ga. App. 38, 39 (510 SE2d 893).

(b) "The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8. In the case sub judice, Marvin, Jr. testified defendant Marvin Eugene Seritt struck him in the face with his hand. Although Marvin, Jr. could not recall at trial whether this blow was with an open hand or a closed fist, his contemporaneous account to his mother described it as a "punch," resulting in a swollen lip. This is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307, supra, to authorize the jury's verdict beyond a reasonable doubt that defendant intentionally caused visible bodily harm by hitting Marvin, Jr. in the face with his fist, as alleged in Count 2 of the indictment. *Danzis v. State*, 198 Ga. App. 136, 137-138 (4) (400 SE2d 671). Consequently, the trial court did not err in refusing to direct a verdict of acquittal in favor of defendant Marvin Eugene Seritt. *Humphrey v. State*, 252 Ga. 525, 526-527 (1) (314 SE2d 436).

(c) Similarly, the testimony of Chris that defendant Terry Elizabeth Seritt kicked him in the mouth as punishment or discipline, thereby causing a swollen lip, is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307, to authorize the jury's verdict that she is guilty, beyond a reasonable doubt, of committing the battery alleged in Count 3 of the indictment. OCGA § 16-5-23.1 (a).

4. The jury's verdict acquitting defendant Marvin Eugene Seritt of the separate battery alleged in Count 1 renders moot his contention that the trial court erred in failing "to merge count one and count two of the indictment," as urged in the fifth enumeration. *Poole v. State*, 175 Ga. App. 374, 375 (2) (333 SE2d 207).

*Judgments affirmed. Andrews and Ruffin, JJ., concur.*

DECIDED APRIL 14, 1999.

*Ronald G. Shedd*, for appellants.

*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney*, for appellee.