S01A1815. BRYANT v. THE STATE.
(560 SE2d 23)

CARLEY, Justice.

After a jury trial, Gregory Bryant was found guilty of alternative counts of malice and felony murder, two counts of armed robbery, and one count each of aggravated battery and possession of a firearm during the commission of a crime. The trial court imposed a life sentence for malice murder, two consecutive life sentences for the armed robberies, a 20-year consecutive sentence for aggravated battery, and a five-year consecutive sentence for possession of the weapon. The court denied a motion for new trial, and Bryant appeals.[1]

---

[1] The crimes occurred on June 25, 1998. The grand jury indicted Bryant on April 30,

1. Bryant contends that the State failed to prove his guilt. The prosecution introduced evidence showing that four men took part in a crime spree, during which they fatally shot one victim, robbed two others at gunpoint and struck one of the robbery victims in the head with a gun. Scientific testing of appellant's clothes and gun revealed the presence of the victims' blood and DNA. According to ballistics tests, a weapon found in his apartment fired the bullet which killed the murder victim. One of the four perpetrators pled guilty, and testified against Bryant. Appellant offered an alibi defense, but the jury was not required to believe the testimony of his witnesses. Construing the evidence most strongly in support of the verdicts, it is sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt of Bryant's guilt of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant urges that his appointed defense counsel was ineffective. To prevail on that claim, he must show that the attorney's performance was deficient and the reasonable probability that, but for the unprofessional conduct, the trial would have ended differently. *Strickland v. Washington*, 466 U. S. 668, 686 (104 SC 2052, 80 LE2d 674) (1984); *Washington v. State*, 274 Ga. 428, 430 (2) (554 SE2d 173) (2001).

The lawyer did not seek independent testing of the DNA and blood evidence, and Bryant cites the failure to do so as an instance of ineffectiveness. According to counsel, he investigated and determined that additional testing was unnecessary, because the procedures used by the State's experts were appropriate and the results were valid. At the hearing on the motion for new trial, appellant did not introduce any expert testimony to cast doubt on his lawyer's conclusion that independent testing was not needed. See *Ware v. State*, 273 Ga. 16, 17 (3) (537 SE2d 657) (2000). Therefore, he failed to show any reasonable probability that, but for the attorney's alleged deficient performance, the trial would have resulted in an acquittal. See *Madge v. State*, 245 Ga. App. 848, 851 (3) (a) (538 SE2d 907) (2000).

Faced with the scientific evidence implicating Bryant, counsel pursued the strategy of maintaining that his client's contact with the murder weapon occurred before or after, but not during, commission of the crimes. This was consistent with appellant's claim that he was not a participant. Appellant contends generally that his attorney failed to pursue the alibi defense diligently, but he offers nothing spe-

1999. The jury returned the guilty verdicts on November 12, 1999 and, on that same day, the trial court entered judgments of conviction and imposed the sentences. Appellant filed a motion for new trial on November 15, 1999, which the trial court denied on May 15, 2001. He filed a notice of appeal on May 25, 2001. The case was docketed in this Court on August 30, 2001. Bryant submitted the appeal for decision on October 22, 2001.

cific as to any additional or different tactics that could have been used to present it more effectively. The record shows a vigorous representation by defense counsel, and does not support the claim that appellant's alibi was so inadequately presented as to have a negative effect on the outcome. See *Washington v. State*, supra at 430 (2).

In addition to payment from the county, the lawyer requested and received a fee from Bryant's family, and thereby may have violated the rules of the Cobb County Circuit Defender's office and the State Bar of Georgia. Appellant urges that the acceptance of payment from both sources was also a breach of the duty of loyalty the attorney owed to him. Even if the lawyer committed an ethical violation, his conduct does not show the existence of an actual conflict of interest. The circuit defender's office and Bryant's family shared the identical interest of putting forth an effective legal defense. " '[U]ntil a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance. (Cit.)' [Cit.]" *Fogarty v. State*, 270 Ga. 609, 611 (513 SE2d 493) (1999). Not even subsequent disbarment relieves the client from making the requisite showing that his trial attorney's representation was constitutionally deficient. *White v. State*, 267 Ga. 523, 525 (7) (481 SE2d 804) (1997). The record demonstrates a spirited defense against the prosecution's strong case, and the trial court was authorized to find that Bryant did not make the required showing of ineffective representation.

3. Bryant asserts that, at the hearing on the motion for new trial, the trial court erroneously excluded the testimony of Joseph Skidmore which he contended would be favorable to him. Skidmore was one of the perpetrators who pled guilty after appellant's conviction. The record shows that the trial court did not refuse to allow Bryant to call him as a witness. It only denied a motion to continue the hearing so that appellant could produce him. The trial court was authorized to find a lack of diligence in obtaining Skidmore's presence. *Burney v. State*, 244 Ga. 33, 40 (7) (257 SE2d 543) (1979).

After the trial court denied the motion for a continuance, Bryant did not submit Skidmore's affidavit or account for its absence. *Kuchenmeister v. State*, 199 Ga. App. 64, 67 (2) (403 SE2d 847) (1991). The proffer that appellant did make shows that the proposed testimony was merely newly available, rather than newly discovered, evidence. *Hester v. State*, 219 Ga. App. 256 (1) (465 SE2d 288) (1995). Additional testimony that Bryant was not one of the four who committed the crimes would be cumulative of the previous evidence supporting his alibi defense, and Bryant's credibility would certainly be subject to attack because Skidmore, after pleading guilty, had nothing to lose by falsely exonerating appellant. *Davis v. State*, 221 Ga. App. 375, 377-378 (471 SE2d 307) (1996). Therefore, a new trial on

the ground of newly discovered evidence was not authorized.

4. After the defense invoked the rule of sequestration, the trial court granted the prosecutor's request to allow the lead investigator to remain in the courtroom without testifying as the State's first witness. The trial court did not abuse its discretion by refusing to require that the investigator testify before any other witness. *White v. State*, 253 Ga. 106, 110 (5) (317 SE2d 196) (1984).

5. Bryant contends that the aggravated battery merged into the armed robbery. Both crimes were committed against the same individual. However, the count of the indictment which charged the armed robbery did not contain any additional language regarding the infliction of serious bodily harm on the victim. Compare *Whitner v. State*, 198 Ga. App. 300, 301 (1) (401 SE2d 318) (1991). The two convictions rest on evidence showing a completed aggravated battery followed by the commission of a separate armed robbery. Under these circumstances, there was no merger and the trial court correctly sentenced appellant for both offenses. *Harvey v. State*, 233 Ga. 41, 42 (1) (209 SE2d 587) (1974).

6. Recognizing that only one conviction for murder was authorized, the trial court properly imposed a life sentence only on the jury's verdict finding Bryant guilty of malice murder. *Malcolm v. State*, 263 Ga. 369, 372 (4) (434 SE2d 479) (1993).

*Judgments affirmed. All the Justices concur.*

DECIDED FEBRUARY 25, 2002.

*Franklin & Hubbard, Cynthia G. Morris*, for appellant.
*Patrick H. Head, District Attorney, Dana J. Norman, Andrew J. Saliba, Amelia G. Pray, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Wylencia H. Monroe, Assistant Attorney General*, for appellee.