## A92A0097. DUDLEY v. THE STATE.
(419 SE2d 138)

JOHNSON, Judge.

Robert Dudley was convicted by a jury of three counts of serious injury by vehicle and one count of driving under the influence of drugs. The trial court merged the four counts into two counts of serious injury by vehicle and sentenced Dudley to serve five years imprisonment on each count. Dudley appeals his conviction and the denial of his motion for new trial. We affirm.

1. In his first enumeration of error, Dudley contends that there was insufficient evidence in the record to support the jury's verdict. This enumeration is without merit.

At trial, evidence was presented by expert witnesses showing that a person under the influence of cocaine to the extent found in the system of Dudley would be a "less safe" driver. Evidence was produced indicating the adverse physical and psychological effects of cocaine in the system. A jury could have inferred from the evidence presented that such adverse effects on Dudley's psyche and body could have rendered him a "less safe" driver. Considering the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found Dudley guilty of serious injury by vehicle beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Dudley further contends that the trial court erred in admitting into evidence a videotape depicting the rehabilitation of one of the victims. Dudley contends that the State failed to lay a proper foundation for the admittance of the videotape into evidence and that the videotape was inflammatory and unduly prejudicial.

The trial transcript reveals that Dudley failed to object on the basis of improper foundation for the admittance of the videotape into evidence and, therefore, waived his right to have this court consider that issue on appeal. Grounds enumerated as error but not raised during trial may not be raised for the first time on appeal. *Hoover v. State,* 198 Ga. App. 481, 482 (402 SE2d 92) (1991).

Dudley also asserts that the videotape admitted into evidence was irrelevant, unduly prejudicial and inflammatory. Any evidence is relevant which logically tends to prove or disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant. *Guest v. State,* 155 Ga. App. 374 (270 SE2d 904) (1980). To prosecute an accused for serious injury by vehicle (OCGA § 40-6-394), it must be shown that the defendant caused "bodily harm to another by depriving him of a member of his body, by rendering a member of his body useless, by seriously disfiguring his body or a member thereof, or by causing organic brain damage which renders the body or any mem-

ber thereof useless through the violation of Code section 40-6-390 or 40-6-391 . . ." OCGA § 40-6-394. We find that the videotape was relevant and had probative value in that it illustrated for the jury the extent of one of the victim's injuries.

Accordingly, the jury's verdict shall not be disturbed.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED MAY 22, 1992.

*John H. Tarpley,* for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Fran Shoenthal, George Guise, Assistant District Attorneys,* for appellee.