## A92A2097. HILL v. THE STATE.
### (426 SE2d 915)

Beasley, Judge.

Hill was indicted and tried in six counts for (1) vehicular homicide in the first degree by driving a vehicle in reckless disregard for the safety of persons and property (guilty); (2) vehicular homicide in the first degree by causing death through driving and being in actual physical control of a moving vehicle while under the influence of cocaine and marijuana to a degree which rendered him incapable of safely driving (not guilty); (3) reckless driving in disregard of persons and property (merged with Count 1); (4) driving under the influence of drugs while in actual physical control of a moving vehicle to the extent that it was less safe to drive (guilty); (5) homicide by vehicle in the second degree for unlawfully driving a vehicle so as to cause the death of another person by improperly passing another vehicle in a no-passing zone (merged with Count 4); and (6) improper passing (guilty). He appeals from the denial of his motion for new trial.

The evidence presented at trial showed that Hill was driving a refrigerated truck west on Highway 138 between Athens and Atlanta near Conyers. The driver of a county dump truck in front of Hill testified that he was driving at about 45 or 50 mph starting up a hill on a two-lane road with a left-turn-only lane in the middle. He thought he saw Hill's truck pulling up to come around him in the left turn lane. When the truck got to the rear tires of the dump truck, he "heard brakes and the flash of a car go by" from the opposite direction, and then heard a collision directly behind him. In his rear view mirror he saw Hill's truck slide sideways and turn over, and he radioed the police before he went back to check on the collision. Hill was sitting on the ground and shook his head when asked if he was okay.

Another witness testified that he was driving east on Highway 138 when he saw a white truck with a refrigerated compartment come over the centerline from the turning lane about two feet into his lane. The witness thought the truck was going to hit his vehicle, but it missed and he heard it hit the car right behind him. He stopped when he saw Hill's truck overturn and was the first person to get to the victim's car, where he discovered she was dead. The victim's car left about 46 feet of skid marks prior to impact; the entire driver's side was damaged and the roof was crushed in with the victim trapped inside. Hill's truck had lost a front axle and left front tire and was damaged along the side where the gas tank and refrigerated unit protruded. The truck left no skid marks prior to impact but traveled 162 feet after impact before it overturned.

Hill was taken by ambulance to the hospital complaining of pain. His eyes were not dilated and his speech was not slurred. After he was read the implied consent rights and signed a form agreeing to such

tests, blood and urine samples were taken. A blood analysis was performed by the State Crime Lab which revealed the presence of marijuana metabolites indicating that Hill had either used marijuana within the past several hours or was a chronic abuser. The urinalysis disclosed a minute amount of cocaine in Hill's system. The officer who acquired Hill's consent to administer the tests testified that Hill told him at the hospital that "he should not have taken no street drugs." Hill admitted at trial that he had ingested both cocaine and marijuana but swore he had not used any drugs in the 72 hours prior to the collision. He claimed he was not attempting to pass the county dump truck but was driving down the road when he heard a bump, and the next thing he knew he was lying on the side of the road.

1. Appellant contends that since he was acquitted of the Count 2 charge of driving while under the influence of drugs, the evidence was insufficient to convict him of vehicular homicide by reckless driving under Count 1 of the indictment because there could be no evidence of drug use to prove any reckless driving.

This court has previously held that where an accused is charged with reckless driving, test results showing his use of drugs are admissible because the reckless driving violation could have been precipitated by the drug usage. *Nash v. State,* 179 Ga. App. 702 (4) (347 SE2d 651) (1986). "On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover an appellate court . . . does not weigh the evidence or determine witness credibility. [Cit.] And, the test established in *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) 'is the proper test for (an appellate court to employ) when the sufficiency of the evidence is challenged. . . .' [Cits.]" *Daras v. State,* 201 Ga. App. 512 (1) (411 SE2d 367) (1991). "The evidence was sufficient for any rational trier of fact to find beyond a reasonable doubt that appellant's conduct in [driving while under the influence of drugs, attempting to pass in a no-passing lane and] driving on the wrong side of the road constituted 'reckless disregard for the safety of (others).' OCGA § 40-6-390." *Shadix v. State,* 179 Ga. App. 644, 645 (3) (347 SE2d 298) (1986).

2. Appellant complains that the trial court erred in failing to charge in regard to the standard of proof by circumstantial evidence under OCGA § 24-4-6. He concedes that the court did define circumstantial evidence in the charge, and that he neither requested an instruction containing the statutory language nor objected to the charge as given. Objections not made at trial are deemed waived and cannot be raised for the first time on appeal. *Jacobson v. State,* 201 Ga. App. 749, 751 (2) (412 SE2d 859) (1991). Even where proper request is made, the failure to give the requested instruction is not ground for a new trial where the charge given substantially covers the same princi-

ples. *Burris v. State*, 204 Ga. App. 806, 811 (3) (420 SE2d 582) (1992). This enumeration is without merit.

3. Appellant contends that the trial court's charge on criminal negligence was in error as criminal negligence has no part in the prosecution of the crime of vehicular homicide. To the contrary, "[s]uch a charge is applicable to vehicular homicide, regardless of the grade of the offense. [Cits.]" *Conyers v. State*, 260 Ga. 506, 509 (6d) (397 SE2d 423) (1990). Compare *Abernathy v. State*, 191 Ga. App. 350 (2) (381 SE2d 537) (1989).

This issue was not preserved for appellate review. When the trial court asked if there were any exceptions to the charge as given, defense counsel responded "no." A party cannot acquiesce to a charge and then complain of it on appeal and, as there was no error in the charge or harm as a matter of law, there is no merit in this enumeration. *Pressley v. State*, 197 Ga. App. 270 (4) (398 SE2d 268) (1990).

4. Appellant complains that the trial court erred in its recharge to the jury on the issue of driving under the influence of drugs by repeating one sentence at the request of the jurors, as such "bifurcation" served to over-emphasize this part of the charge. The complete charge, to which no objection was made when it was first given, was taken from OCGA § 40-6-391 (a) (2) and (5); the sentence the jury asked to hear again was from subdivision (a) (5).

" 'A mere repetition of a principle of law, while unnecessary, will not work a reversal unless it appears from the charge as a whole that there was such undue emphasis as to result in an unfair statement of the law in relation to the defendant's rights. Mere repetition of a correct and applicable principle of law is not such error as requires reversal unless it takes color of an argumentative or opinionative utterance so as to tend to prejudice the minds of the jury.' (Citations and punctuation omitted.) [Cits.]" *Bradford v. State*, 202 Ga. App. 724, 725 (2) (415 SE2d 697) (1992). Appellant has offered no rationale for his assertion that the repetition of this correct statement of law served to prejudice the minds of the jury, and we perceive no ground for reversal.

5. Appellant contends he was subjected to double jeopardy under the federal and Georgia constitutions by his conviction under Count 4, for driving under the influence of drugs while in actual physical control of a moving vehicle to the extent it was less safe to drive (OCGA § 40-6-391 (a) (2)), when he was acquitted of Count 2, for causing the death of another person through such driving (homicide by vehicle in first degree, OCGA § 40-6-393 (a)). He cites the federal Fifth Amendment and the thirteenth paragraph of Georgia's Bill of Rights, as well as OCGA § 16-1-6; 16-1-7; and 16-1-8. The statutes expand the constitutional prohibitions and place limitations on multiple prosecutions, convictions, and punishment for the same conduct.

*Stone v. State,* 166 Ga. App. 245 (1) (304 SE2d 94) (1983); *Collier v. State,* 195 Ga. App. 380, 381-382 (393 SE2d 509) (1990).

It is true that, if appellant had been convicted of both crimes, the conviction of the lesser crime in Count 4 would have merged with the greater crime in Count 2, for all of the elements of Count 4 were included in Count 2. Count 2 required the additional element that such conduct cause the death of another person, so it was the greater crime. A defendant may be *prosecuted* for each crime arising from the same conduct but may not be *convicted* of more than one crime if one is included in the other. *State v. Estevez,* 232 Ga. 316 (206 SE2d 475) (1974). The trial court recognized the merger principle by applying it to the verdict of guilty in Count 3.

But in this instance, no such merger was necessary, because appellant was found not guilty of Count 2.[1] Having been convicted of only one of the two offenses involving driving under the influence of drugs, as contained in Counts 2 and 4, no double jeopardy occurred.

6. In his final enumeration, appellant claims that he was denied the right to effective counsel in violation of his state and federal constitutional rights. Appellant was represented by another attorney through the trial and by present counsel after the verdict was rendered. Although his appellate counsel filed a motion for new trial, the issue of ineffective assistance of counsel was not raised or ruled upon by the trial court. The question presented here was conclusively resolved by the Supreme Court in *White v. Kelso,* 261 Ga. 32 (401 SE2d 733) (1991), which stated: "It is a well established rule that any allegation of a violation of the right to counsel should be made at the earliest practicable moment. [Cit.] Because an attorney cannot reasonably be expected to assert or argue his or her own ineffectiveness, claims of ineffective assistance of counsel are often properly raised for the first time in a habeas corpus petition. However, in *Thompson v. State,* 257 Ga. 386 (359 SE2d 664) (1987), we held that where new counsel appointed or retained after the trial amends the motion for new trial without raising the issue of ineffective assistance, the claim was waived. In *Johnson v. State,* 259 Ga. 428 (383 SE2d 115) (1989), we held that the claim may be raised for the first time in the direct appeal if the direct appeal marks the first appearance of new counsel. The rule is consistent: New counsel must raise the ineffectiveness of previous counsel at the first possible stage of post-conviction review." Since this rule was not followed here, the issue has been waived in this direct appeal.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

---

[1] As shown by the jury's verdict of "guilty" on Count 1 and "not guilty" on Count 2, the jury found that appellant's reckless manner and place of driving, rather than his drugged condition, caused the homicide.

Donald C. Turner, Walter M. Henritze, Jr., for appellant.
Cheryl F. Custer, District Attorney, for appellee.