## A01A1032. CARSON v. THE STATE.
### (553 SE2d 312)

MILLER, Judge.

Everette Lee Carson was convicted of homicide by vehicle in the first degree, reckless driving, and improper lane change, stemming from an accident in which the vehicle he was driving struck a pedestrian who subsequently died. Carson was acquitted of one count of DUI, and the court declared a mistrial on a second count of DUI. On appeal Carson challenges the sufficiency of the evidence to sustain his reckless driving conviction and the grant of the State's motion to exclude prior misconduct by the arresting officer.

1. Carson argues that the evidence is insufficient to sustain his conviction for reckless driving. On appeal the appellant no longer enjoys a presumption of innocence, and this Court does not weigh the evidence or determine witness credibility. This Court must view the evidence in the light most favorable to support the verdict.[1] Several witnesses testified that they saw Carson's vehicle swerving, and that Carson drove off the road onto a grassy area where he hit a pedestrian. Under OCGA § 40-6-390, "[a]ny person who drives any vehicle in reckless disregard for the safety of persons or property commits the offense of reckless driving." Therefore, the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that Carson's actions constituted a reckless disregard for the safety of others.[2]

2. During voir dire, the arresting officer, while standing in a hallway outside the courtroom, overheard a few individuals discussing the legal blood alcohol concentration limit for driving under the influence of alcohol. The officer interrupted the discussion and stated

---

[1] *Hill v. State*, 207 Ga. App. 65, 66 (1) (426 SE2d 915) (1993).
[2] *Gilbert v. State*, 222 Ga. App. 787 (1) (476 SE2d 39) (1996); see *Shadix v. State*, 179 Ga. App. 644, 645 (3) (347 SE2d 298) (1986).

what he believed to be the legal limit. Once the officer realized that the individuals were potential jurors, he immediately walked away. This incident was brought to the attention of the court, and after reprimanding the officer for the improper communication, the court aborted the trial and began a new trial two months later. Prior to the second trial, the State made a motion to exclude reference to the incident, which motion the trial court granted, finding the officer's actions irrelevant to the case.

Carson argues that the court erred in excluding any reference to the incident. Specifically he contends that officer's conduct shows bias against Carson, thereby affecting the officer's credibility. Generally "questions of relevance are within the domain of the trial court, and, absent a manifest abuse of discretion, a court's refusal to admit evidence on grounds of lack of relevance will not be disturbed on appeal."[3]

Carson is correct that it is permissible to question a witness to reveal any possible bias,[4] but under these circumstances the officer's statement, although unwise and improper, did not show bias against Carson.[5] The officer was inappropriately attempting to explain what he believed to be a correct statement of law to individuals he was unaware were potential jurors.

Moreover, we see no harm in the exclusion of this incident where a new jury was impaneled and Carson was not convicted of either of the DUI counts. Thus, the court did not abuse its discretion in excluding any reference to the officer's prior misconduct on the ground of relevance.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED JULY 31, 2001.

*Patricia F. Angeli*, for appellant.
*Robert E. Keller, District Attorney, Bonnie K. Smith, Assistant District Attorney*, for appellee.

---

[3] (Citations and punctuation omitted.) *Chapman v. State*, 215 Ga. App. 340-341 (449 SE2d 903) (1994).
[4] OCGA § 24-9-68.
[5] Cf. *Craig v. State*, 205 Ga. App. 691-692 (1) (423 SE2d 417) (1992).