A01A1798. WILKES v. THE STATE.
(562 SE2d 519)

PHIPPS, Judge.

A jury found Raymond Wilkes guilty of homicide by vehicle in the first degree for causing the death of M. S. and guilty of causing

serious injury by vehicle to M. S.'s mother. Wilkes appeals his conviction of homicide by vehicle, contesting the sufficiency of the evidence. Because the evidence was sufficient to sustain the conviction, we affirm.

Viewed in a light favorable to the verdict, the evidence adduced at trial showed that on July 1, 1998, at about 3:00 p.m., M. S. was a passenger in a Buick Century car driven by her mother as they traveled north on Interstate 95 in Camden County. Visibility was clear. Traffic was congested. Along that stretch of the interstate, a third lane was under construction. Barrels had been placed along both sides of the road, and construction equipment and workers were in the area. A sign warned, "Watch for slow moving traffic." In addition, traffic was being diverted off the interstate at an exit about two miles ahead. This caused cars to slow down to merge into the right lane to exit. Although the speed limit had dropped from 70 to 55 mph in the construction zone, most vehicles, including the one in which M. S. was a passenger, had actually slowed to about 20 to 25 mph to take the detour.

A motorist, who was also driving north through the construction area but at some distance behind M. S. and her mother, testified that she noticed that a tractor-trailer truck approaching from behind in her lane was "going real fast." Because it appeared to her that the truck was not slowing down and was not changing lanes to pass her, she changed lanes. As the truck passed her, her car "shook and there was just a shoooo (indicating sound) real fast and [she] could tell that [it] was going at an excessive rate of speed." She estimated the truck's speed at 70 mph.

As the truck advanced, it also caught the attention of the motorist driving immediately in front of the Buick carrying M. S. and her mother. He estimated that the truck was traveling about 60 mph as it was approaching the Buick. Because he saw that the truck was not slowing down at all, he accelerated and ran off the road "to get out of the way." As he was pulling over, the truck crashed into the back of the Buick. Another motorist, who had been driving alongside the Buick just before the collision, testified that "the truck crunched up over the back part of the car. . . . [B]oth vehicles continued to slide." When the vehicles stopped, they burst into flames. M. S.'s mother was able to exit the car, but M. S. could not be rescued before the car was engulfed in fire. She died of soot and smoke inhalation and thermal burns.

Wilkes was the driver of the truck. A few weeks after the incident, a Georgia State Patrol officer interviewed Wilkes at his place of employment. Wilkes told the officer that he had been driving trucks for approximately 40 years. He said that on the day of the incident he had noticed traffic slowing down. He remembered looking down to

check his gauges; he looked right; he looked left. Then, as he prepared to brake, his truck collided with the back of the Buick. Wilkes estimated his speed was 50 to 55 mph. Apologizing, Wilkes said he had not seen the car in front of him before impact.

The officer also examined the collision site and the vehicles involved. He testified that the road at the scene was straight and level. By reconstructing the collision, he estimated that the truck's minimum speed upon impact was between 55.42 mph and 60.30 mph. He determined that several factors contributed to the collision: the truck's speed, slowing traffic, and Wilkes's inattentiveness to his driving. He also determined that M. S.'s mother had not contributed to the collision.

During closing argument, Wilkes's attorney pointed out that there was no evidence of drug or alcohol involvement. He repeatedly stated that Wilkes "didn't do it intentionally." The trial court instructed the jury on Wilkes's sole defense of accident.

On appeal, Wilkes contends that the evidence was insufficient to sustain a conviction of homicide by vehicle. A person may be found guilty of homicide by vehicle in the first degree if that person, without malice aforethought, causes the death of another person through reckless driving, committed by driving any vehicle in reckless disregard for the safety of persons or property.[1]

In support of his contention, Wilkes points to what he claims are inconsistencies or weaknesses in the evidence. But it is for the trier of fact, not this court, to resolve conflicts. This court does not weigh the evidence or determine witness credibility, but only determines whether, under *Jackson v. Virginia*,[2] the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense.[3] An appellant no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to the verdict.[4]

Wilkes also asserts that he "accident[ally] and inadvertently caused the accident for which he was sorry." "A person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme or undertaking, intention, or criminal negligence."[5] "Criminal negligence as used in the statutes of this State means not merely such negligence as might be the foundation of a damage suit, but reckless and wanton negligence and of such a character as to show an utter disregard for

---

[1] OCGA §§ 40-6-393 (a); 40-6-390.
[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *Hill v. State*, 207 Ga. App. 65, 66 (1) (426 SE2d 915) (1993).
[4] Id.
[5] OCGA § 16-2-2.

the safety of others who might reasonably be expected to be injured thereby."[6] Here, the question for the jury was whether Wilkes drove the truck in a reckless manner, causing the death of M. S.[7] Construed to favor the verdict, the evidence authorized the jury to find that Wilkes drove the tractor-trailer truck in a manner that exceeded mere negligence and constituted "reckless disregard for the safety of [others]."[8] The evidence was sufficient to authorize the jury to find Wilkes guilty beyond a reasonable doubt of homicide by vehicle in the first degree.[9]

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED MARCH 26, 2002.

*Clyde M. Urquhart*, for appellant.
*Stephen D. Kelley, District Attorney, George C. Turner, Jr., Assistant District Attorney*, for appellee.

---

[6] (Citation and punctuation omitted.) *Keye v. State*, 136 Ga. App. 707, 708 (1) (222 SE2d 172) (1975).

[7] *Miller v. State*, 236 Ga. App. 825, 829 (3) (513 SE2d 27) (1999).

[8] OCGA § 40-6-390 (a); see *Miller*, supra; *Hill*, supra.

[9] See *Jackson*, supra; *Carson v. State*, 250 Ga. App. 876 (553 SE2d 312) (2001); *Miller*, supra.