## A02A2323. PUTMAN v. THE STATE.
(572 SE2d 412)

ELDRIDGE, Judge.

A Hall County jury found Patrick Putman guilty of first degree vehicular homicide with reckless driving as the underlying offense in that Putman drove his vehicle "in excess of the posted speed limit, passed another motorist in a reckless manner, and failed to keep his vehicle in a single lane," thereby causing the death of Jody Bejin. In addition, the jury found Putman guilty on the separately indicted counts of improper passing and failure to maintain a lane. Further, in the middle of trial, Putman was permitted to enter a guilty plea on two additional counts of the indictment, speeding (60 mph in a 45-mph zone) and speeding (driving in excess of the posted limit). He appeals from his conviction, claiming error in (1) the State's introduction of 11 prior speeding offenses as similar transaction evidence, and (2) the trial court's failure to grant a motion for mistrial made in response to a portion of the prosecutor's closing argument. Because Putman's numerous prior acts of speeding were admissible to demonstrate a repeated course of reckless disregard for safety and because Putman failed to renew his objection to the prosecutor's closing argument after the trial court gave curative instructions, we affirm his conviction.

1. Putman pled guilty to two separate speeding counts of the indictment and conceded at trial that the death of the victim was caused by his speeding. He now claims that the introduction of his guilty pleas to 11 prior acts of speeding was error, because: (a) there was no longer any issue as to speeding so as to make such prior acts relevant; (b) the prior acts evidence was not similar to the indicted act; (c) the prior acts evidence was not introduced for a proper purpose; and (d) the prejudicial impact of the prior acts evidence improperly outweighed its probative value. We disagree with these contentions.

(a) Putman claims that his guilty plea to the two independent counts of speeding made irrelevant his prior acts of speeding as similar transaction evidence. However, the indictment in this case also charged Putman with first degree vehicular homicide based on an underlying offense of reckless driving committed, inter alia, by driving "in excess of the posted speed limit." Putman did not plead guilty to such offense. Georgia's reckless driving statute states, "Any person who drives any vehicle in reckless disregard for the safety of persons or property commits the offense of reckless driving";[1] "thus, in order

---

[1] OCGA § 40-6-390 (a).

to establish a violation of OCGA § 40-6-390, the State needed only to present evidence showing that [defendant] drove his car in a manner exhibiting reckless disregard for the safety of persons or property."[2] Further, reckless driving can be established by proving that a defendant was driving at an excessive rate of speed given the posted legal rate of speed.[3]

In that regard, and contrary to Putman's assertions about "the simple act of speeding," the prior acts of exceeding the speed limit did not show only the *status* of "speeding." Such acts do not occur in a vacuum, and the fact of "speeding" does not exist divorced from its significance. Speed limits are enacted for a purpose: safety and the protection of self and others.[4] All Georgia drivers are required to know that posted speed limits vary depending on, among other things, the type of road, population density, and the character of the locality involved, which variations reflect the purpose for which the limits are enacted, safe and reasonable speeds in relation to the affected area.[5] Thus, regardless of how it is committed, the "simple act of speeding," i.e., the act of driving in excess of the posted safe speed, carries an inherent disregard for what a driver knows or should know has been determined to be safe for the location. And, as in this case, numerous prior acts of driving in excess of posted safe speeds can demonstrate a course of conduct wherein a defendant routinely drives his car in a manner exhibiting a disregard for the safety of persons or property.[6] Accordingly, the prior acts evidence was relevant as going to a disregard for safety, regardless of whether Putman admitted as a matter of fact the status of "speeding" during the incident in question.

---

[2] *Klaub v. State*, 255 Ga. App. 40, 42 (1) (564 SE2d 471) (2002).

[3] See id. at 43; see also, e.g., *Cronan v. State*, 236 Ga. App. 374, 377 (3) (511 SE2d 899) (1999) (first degree vehicular homicide sustained upon proof that defendant committed reckless driving by speeding); *Chavous v. State*, 205 Ga. App. 455, 456 (1) (422 SE2d 327) (1992); *Carroll v. State*, 222 Ga. App. 560 (474 SE2d 737) (1996) (first degree vehicular homicide charge required proof that Carroll committed reckless driving by driving over the 35-mph speed limit); *Duggan v. State*, 225 Ga. App. 291, 297 (8) (483 SE2d 373) (1997) (first degree vehicular homicide charge required proof that defendant committed reckless driving by driving at a speed exceeding the maximum speed limit).

[4] See OCGA §§ 40-6-181 (b), 40-6-182 (speed limits and speed zones established on basis of what is reasonable and safe); 40-6-183 (local authorities may alter speed limits based on what is reasonable and safe); see also National Motorists Association Model Speed Zoning Law, Statutory Requirements and the Standards for Establishing Speed Limits (speed limits represent maximum safe and reasonable speed during good traffic and roadway conditions); Federal Highway Administration, Effects of Raising and Lowering Speed Limits, Report No. FHwA/RD-92/084 (maximum speed limit is posted or set by statute to inform motorists of the highest speed considered to be safe and reasonable under favorable road conditions).

[5] OCGA § 40-6-181 (b) (1)-(5).

[6] *Klaub v. State*, supra.

(b) Putman argues that the prior acts of speeding were not sufficiently similar to the act of speeding underlying the reckless driving charge. However,

> [u]nlike certain other criminal offenses, which can be committed under a variety of widely varying circumstances, the crime[ ] of [speeding is] essentially committed under the same factual circumstances. The type of vehicle driven or . . . the location and manner of driving[ ] may vary, but it is the simple act of driving [in excess of the posted speed limit] that establishes the commission of those crimes. A prior act of driving while having that status . . . would, regardless of any slight variance of circumstances, be relevant to prove bent of mind or course of conduct.[7]

Accordingly, the prior acts of speeding are sufficiently similar to the indicted act of "driving in excess of posted speed limits" underpinning the reckless driving charge so as to make the prior acts admissible to demonstrate a course of conduct, which in turn shows a disregard for safety. This evidence went to the additional element the State must prove to establish reckless driving, i.e., criminal negligence.[8] And whether the State proved criminal negligence amounting to reckless driving is a jury question.[9]

Here, the evidence was that Putman drove his car in excess of the posted 45-mph speed limit while attempting to pass Bejin's car on a sharp curve, which act resulted in the death of Ms. Bejin. The indicted act of speeding under such conditions can support a jury finding of reckless driving as a basis for a first degree vehicular homicide charge.[10] Putman's numerous prior acts of speeding went to the element of criminal negligence in that the prior acts demonstrated a repeated pattern of ignoring posted safe speeds, thereby exhibiting a disregard for the safety of persons or property.

(c) Putman also argues that the prior acts were introduced for an improper purpose. Citing *Hoffer v. State*,[11] Putman claims that introducing prior acts of speeding for the purpose of establishing "bent of mind or course of conduct" is improper because such purpose is irrelevant in a strict liability crime such as speeding or reckless driving.

---

[7] (Citation and punctuation omitted.) *Fields v. State*, 223 Ga. App. 569, 570-571 (2) (479 SE2d 393) (1996).

[8] *Hayles v. State*, 180 Ga. App. 860, 861 (350 SE2d 793) (1986).

[9] See *Wilkes v. State*, 254 Ga. App. 447, 450 (562 SE2d 519) (2002) ("Here, the question for the jury was whether Wilkes drove the truck in a reckless manner, causing the death of M. S.").

[10] *Klaub v. State*, supra at 43.

[11] 192 Ga. App. 378, 380 (1) (384 SE2d 902) (1989).

Pretermitting whether reckless driving is a "strict liability crime,"[12] Putman misunderstands our holding in *Hoffer*, which had nothing to do with prior acts evidence. Therein, we held that mens rea or specific "intent" is not a necessary element of the State's proof in cases involving strict liability offenses: "there is no requirement to prove mental fault or mens rea as Hoffer asserts."[13] We did not hold that prior similar acts — traffic offenses or otherwise — which demonstrate a course of conduct or bent of mind are not relevant.

(d) Finally, Putman claims that the prior acts evidence was inadmissible because the prejudicial effect outweighed the probative value. However, the evidence at issue was relevant as demonstrating a pattern of a disregard for safety; as such, it was relevant to Putman's culpability on the reckless driving charge underlying the first degree vehicular homicide and was introduced for a proper, course of conduct purpose under the criteria established in *Williams v. State*.[14]

> [A] trial court's finding that "other transactions" evidence is relevant necessarily constitutes an implicit finding that the probative value of that evidence outweighs its prejudicial impact. Such evidence should be admitted and the prejudicial impact of that otherwise relevant evidence is a matter for jury instruction, and is not a factor in its admissibility vel non.[15]

In addition, the evidence was not overly prejudicial because the trial court gave detailed instructions as to the use of the similar transaction evidence.[16] The court cautioned the jury both that the prior acts evidence was strictly limited to showing only bent of mind or course of conduct and that the prior acts evidence could not be the only evidence used to convict Putman of the charged offenses. For all of the above reasons, we find no error in the admission of the similar transaction evidence.

2. Putman claims the trial court erred by failing to grant his motion for mistrial pursuant to OCGA § 17-8-76 made after the prosecutor argued during closing that finding Putman guilty of second degree vehicular homicide as a lesser offense would be the equivalent of "giving the defendant a break, that is giving the defendant a free pass." We find no reason for reversal.

---

[12] See *Dunagan v. State*, 269 Ga. 590, 595 (502 SE2d 726) (1998) (Carley, J., dissenting) (criminal negligence is a form of "intent").

[13] *Hoffer v. State*, supra at 380.

[14] 261 Ga. 640, 641 (2) (a) (409 SE2d 649) (1991).

[15] *Farley v. State*, 265 Ga. 622, 625 (2) (458 SE2d 643) (1995).

[16] *Malcolm v. State*, 263 Ga. 369, 370 (2) (434 SE2d 479) (1993).

(a) Following the motion, the trial court gave the jury curative instructions, and, thereafter, Putman did not further object or renew his motion for mistrial. Accordingly, this issue is waived.[17]

(b) The basis for Putman's motion, OCGA § 17-8-76, addresses only those instances wherein a party informs a jury that, upon conviction of an offense, a defendant may not be required to serve his full sentence "because pardon, parole, or clemency of any nature may be granted by the Governor, the State Board of Pardons and Paroles, or other proper authority vested with the right to grant clemency."[18] The prosecutor's argument in no way addressed such issue so as to demonstrate a violation of OCGA § 17-8-76.

(c) Prior to a jury's guilt/innocence determination, it is not improper for the State to argue that failure to convict on the indicted offense is giving a defendant a "free pass."[19] "[I]t is not improper for a prosecutor to appeal to the jury to convict for the safety of the community, or to stress the need for enforcement of the laws and to impress on the jury its responsibility in that regard."[20]

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 11, 2002 — ▮▮▮▮▮▮▮▮

*Fox, Chandler, Homans, Hicks & McKinnon, David A. Fox, Graham McKinnon IV*, for appellant.

*Lydia J. Sartain, District Attorney, Jennifer C. Bagwell, Jason J. Deal, Assistant District Attorneys*, for appellee.

[17] *Wells v. State*, 243 Ga. App. 629, 631 (3) (534 SE2d 106) (2000).

[18] OCGA § 17-8-76 (a).

[19] *Philmore v. State*, 263 Ga. 67, 69 (3) (428 SE2d 329) (1993).

[20] (Citations and punctuation omitted.) *Boone v. State*, 234 Ga. App. 373, 374 (2) (506 SE2d 884) (1998).