## A05A0521. FETTER v. THE STATE.
(610 SE2d 615)

BLACKBURN, Presiding Judge.

Kenneth Fetter appeals his conviction for burglary and theft by receiving, arguing that the court erred in denying his extraordinary motion for new trial based on newly discovered evidence. The record shows, however, that the evidence was not newly discovered, as Fetter was aware of the evidence prior to trial. Accordingly, we affirm.

Construed in favor of the verdict, the evidence shows that Fetter was convicted of burglary and theft by receiving based on the testimony of an accomplice, who was discovered in possession of many of the goods stolen from two burglaries. The accomplice testified that Fetter had assisted in or received goods from the burglaries. A boot impression from one of the burglaries matched Fetter's boot.

Fetter moved for a new trial, claiming the court erred in not granting him a continuance. Before the hearing on this motion, Fetter filed an extraordinary motion for new trial on the ground of newly discovered evidence. He attached an affidavit in which Kelly Roquemore testified that she had overheard Fetter ask the accomplice, in her presence, where the accomplice had obtained the stolen goods from the two burglaries. Fetter claimed that he had first discovered this evidence following the trial, and that this evidence would have indicated he had nothing to do with either burglary and thus would have likely resulted in his acquittal.

After denying the first motion for new trial, the trial court conducted an evidentiary hearing on the extraordinary motion for new trial. During that hearing, Roquemore testified that she was present when the accomplice drove to a residence to pick up Fetter. In the accomplice's car were the various stolen items from the two burglaries. When Fetter approached the accomplice and saw the goods, Fetter acted surprised and asked the accomplice where he had obtained the goods. The accomplice did not respond. When asked if Fetter knew she had overheard the conversation, she testified that she was sure he knew because the conversation took place right in front of her.

Based on this testimony, the trial court denied the extraordinary motion for new trial, concluding that the evidence was not newly discovered in that Fetter, who himself was present and was necessarily aware of Roquemore's immediate presence during the conversation, knew prior to trial that she could have testified to the conversation. Fetter argues as his sole enumeration that the trial court erred in denying the extraordinary motion for new trial.

Our review of denials of extraordinary motions for new trial based on newly discovered evidence "is circumscribed because motions for new trial on this ground are addressed to the sound discretion of the trial judge, and a refusal to grant the motion will not be reversed unless that discretion is abused." *Seritt v. State.*[1] We hold that the trial court did not abuse its discretion here.

*Timberlake v. State*[2] set forth the well-established standard for granting a new trial on the basis of newly discovered evidence:

> It is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness.

(Punctuation omitted.) Id. at 491 (1). See OCGA § 5-5-23. "Failure to show one requirement is sufficient to deny a motion for a new trial." *Timberlake,* supra at 491 (1).

---

[1] *Seritt v. State,* 237 Ga. App. 665, 666 (2) (516 SE2d 366) (1999).
[2] *Timberlake v. State,* 246 Ga. 488 (271 SE2d 792) (1980).

Here Fetter failed to establish the first requirement, namely that the evidence had come to his knowledge since the trial. As testified by Roquemore, Fetter was present and knew of Roquemore's immediate presence during the conversation and therefore would have known prior to trial that she could have testified to the conversation and incident. *Davis v. State*[3] held under similar circumstances that the defendant's presence and knowledge of the witness's involvement in the key incident precluded the defendant from establishing the first *Timberlake* requirement. Therefore, *Davis* held that the trial court did not abuse its discretion in denying the motion for new trial. Id. at 378. We hold similarly here. Fetter's claim that Roquemore was in a local prison at the time of Fetter's trial and that she is now free shows at most that the evidence is newly available,[4] not newly discovered, and thus is not grounds for overturning the court's decision to deny the motion for new trial. Id. at 377.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED FEBRUARY 15, 2005.

*Mark A. Hinds*, for appellant.

*Peter J. Skandalakis, District Attorney, Rudjard M. Hayes, Raymond C. Mayer, Assistant District Attorneys*, for appellee.

---

[3] *Davis v. State*, 221 Ga. App. 375, 377-378 (471 SE2d 307) (1996).

[4] The evidence is not even newly available, as a court may order the prison system to produce an inmate to testify at trial. OCGA § 24-10-60.