### A06A0549. GIBSON v. THE STATE.
(634 SE2d 204)

ADAMS, Judge.

Brian Jonathan Gibson was convicted of two counts of homicide by vehicle (Count 1 predicated on hit and run and Count 2 predicated on reckless driving); one count of serious injury by vehicle (Count 3); and one count of hit and run (Count 4). The trial court merged Counts 2 and 4 into Count 1 for sentencing. Gibson appeals following the denial of his motion and amended motion for new trial.

The collision giving rise to the charges against Gibson occurred at the intersection of Highway 41 (Cobb Parkway) and McCollum Parkway. The deceased and his passenger were traveling southbound on Highway 41 in a Chevrolet Lumina minivan. Gibson was driving a tractor-trailer rig westbound on McCollum Parkway. This intersection has numerous traffic signals, which control both the straight through and turning lanes. Several witnesses testified that Gibson's light was red at the time he passed through the intersection. Gibson testified his light was green. Several other witnesses testified the van had the green light, but that they could not see Gibson's light.

As both vehicles proceeded through the intersection, the minivan collided with the trailer portion of Gibson's rig, basically severing the front portion of the van from the remainder of the vehicle. The driver of the van was killed, and the passenger suffered multiple injuries. The damage to the trailer was minimal, especially on a casual inspection, although some damage was visible. Gibson did not stop after the accident but was apprehended less than a mile later at the warehouse where he was picking up his next cargo load. He testified at trial that he did not stop because he did not know he had been hit, and that all he felt was a dip in the front of the truck, followed by a dip in the back, which was consistent with what he felt when he ran over a pothole. Gibson testified that both the cabin and the trailer portion of the rig were equipped with a special air suspension system, to minimize the effect of bumps on his cargo.

Other facts will be developed as necessary to the resolution of the issues raised in this appeal.

1. Gibson challenges the effectiveness of his trial attorneys.

The two-prong test for determining the validity of a claim of ineffective assistance of counsel provided in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), asks whether counsel's performance was deficient and, if so, whether this deficiency prejudiced the defense; that is, whether there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's deficiency.

(Footnote omitted.) *Whitaker v. State*, 276 Ga. App. 226 (1) (622 SE2d 916) (2005).

Gibson argues that his trial attorneys were ineffective because they failed to introduce into evidence Cobb County Department of Transportation records indicating previous problems with the traffic signals at the intersection where the collision occurred. The records included a document in the discovery packet delivered to Gibson's attorneys showing that four days before the collision there had been a report that the traffic signals at this intersection were showing "green all 4 ways." The other documents were reports, showing malfunctions of the traffic signals and other regulating equipment at this intersection, that were obtained by appellate counsel after trial and introduced at the motion for new trial hearing. Gibson argues that his trial attorneys were ineffective both because they did not find a successful means to introduce the green-all-four-ways document, or its contents, as well as by failing to conduct a sufficient investigation to discover, as appellate counsel did, the additional reports of mal-functions at this intersection. These other reports included a report about a year before the collision that the traffic lights at the inter-section were "holding green all directions" and another about a month before the collision that the light was "green both sides." As to the prejudice prong necessary to show ineffectiveness, Gibson argues the report made four days before the collision could have raised reason-able doubts as to whether he was guilty of Counts 2 and 3, and would have enhanced his credibility in deciding Counts 1 and 4.

Gibson's trial attorneys testified at the motion for new trial hearing that they did conduct an investigation into the report pro-vided by the State in discovery, but that their request to subpoena a witness who could testify about the report, made just before the State rested, was denied, and thus the document was not introduced at trial. One of Gibson's trial attorneys acknowledged that this report was important to the defense, but also testified that he and the other

trial attorney never came to any "conclusion" about alternative methods of introducing the evidence. As to the other reports of malfunctions, one of Gibson's defense attorneys testified the other reports "could have been impeachment evidence. But we didn't have it." The other defense attorney acknowledged that although they visited the scene, they did not investigate the history of the traffic signals at this intersection. Counsel also testified that their trial strategy was to attempt to discredit the State's witnesses.

We agree with Gibson that his trial attorneys rendered deficient performance in this case. Gibson's attorneys acknowledged trial strategy was to attempt to discredit the State's expert and eyewitnesses. They also knew that their client's entire defense hinged on his testimony that his light was green at the time of the collision. Attorneys acting with reasonable diligence under these circumstances would have more actively pursued alternative means to introduce such critical evidence and would not have relied solely on the trial court's discretion in issuing a subpoena late in the trial to secure a witness to testify about the report. Moreover, once they had this report in hand, Gibson's attorneys also rendered deficient performance by failing to conduct an adequate pretrial investigation concerning the history of malfunctions at this intersection. Had they investigated further and discovered these other reports, they would have been able to develop a more comprehensive trial strategy to show that the signals at this intersection had a history of previous malfunctions, including showing green in all directions, which would have discredited the State's witnesses who testified that traffic signals do not malfunction in this manner.

Having concluded that Gibson's trial attorneys rendered deficient performance, the question then becomes whether Gibson also has met his burden of establishing prejudice. We find that he has.

> The correct inquiry under this prong "is whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Citation and punctuation omitted.) *Stanford v. Stewart*, 274 Ga. 468, 470 (1) (554 SE2d 480) (2001). It is not necessary to show that a retrial would necessarily result in acquittal; it is sufficient to show "a reasonable probability that counsel's error prejudiced the defense." Id.

*Joncamlae v. State*, 267 Ga. App. 214, 217 (598 SE2d 923) (2004).

The central issue in this case was who had the right of way through the intersection at the time of the collision, and the only defense Gibson posed was that he had the green light at that time. A large part of the State's and defense counsels' questioning of the

witnesses was directed toward this issue. It is obvious that the facts that there had been equipment malfunctions at this intersection and that there were reports of the signals holding green all four ways less than a week before this accident were certainly relevant to this key issue. Moreover, the State clearly set out to discredit any theory the defense might put forth that traffic signals could hold green in all directions. Because these reports were not introduced, that testimony went unrebutted. Thus, we conclude that the "omitted evidence in this case is of sufficient probative value to require a new trial." *Jowers v. State*, 260 Ga. 459, 462 (2) (396 SE2d 891) (1990).

Furthermore, based on these reports, Gibson's expert at the motion for new trial hearing offered the favorable opinion that "the location had a propensity for a malfunctioning in such a way as to show greens in conflicting directions, opposing directions." The expert also opined that the history for the signals at this intersection was "most unusual." Although the State points out that this expert testimony was provided at the motion for new trial hearing free of charge based on circumstances unavailable to Gibson's trial attorneys, it is possible that the jury could have reached this same conclusion even without the benefit of expert testimony had they seen the same reports the expert did. It is also possible that had trial counsel diligently pursued this lead and uncovered the additional reports, then they might also have given more consideration to the hiring of an expert, or made a request to the trial court for funds to hire an expert.[1] See *Guzman v. State*, 260 Ga. App. 689, 694 (580 SE2d 654) (2003) (favorable evidence offered at hearing on motion for new trial could have been offered at trial if efforts of trial counsel had not been deficient).

Moreover, although the State argues that the prejudice prong of the ineffectiveness claim cannot be met here because of eyewitness testimony that Gibson's light was red at the time of the accident, we are mindful that the evidence of the predicate offenses, reckless driving and hit and run, while sufficient, was not overwhelming. As Gibson argues, not only would this evidence have enhanced his credibility concerning the central issue of his light being green, it would have enhanced his credibility generally, making his testimony that he was driving in a safe manner at the time of the accident, and his testimony that he was unaware the minivan had collided with his trailer and thus he did not knowingly leave the scene of the accident, more credible to the jury. Based on the foregoing, we hold that the

---

[1] The expert also provided other testimony which could have possibly benefitted Gibson at trial, such as explaining how the malfunction causing the light to hold green could result in it doing so just intermittently, making it difficult for technicians to detect the problem.

trial court clearly erred by finding that Gibson did not meet his burden of showing ineffective assistance of counsel. *Gibbs v. State*, 270 Ga. App. 56, 58-60 (2) (606 SE2d 83) (2004); *Tenorio v. State*, 261 Ga. App. 609, 611-613 (3) (583 SE2d 269) (2003); *Guzman*, 260 Ga. App. at 694. Accordingly, we reverse Gibson's conviction and remand for a new trial.[2]

2. Gibson also challenges the sufficiency of the evidence as to Count 4, hit and run. Although that offense was merged for sentencing, we have examined this enumeration in light of the fact that Gibson's conviction on Count 1 was based on hit and run as the underlying offense.

> The fact that the evidence was circumstantial, however, does not mean that it was insufficient, since a conviction may properly be based upon circumstantial evidence. Because the jury heard the witnesses and observed them testify, it is considered more capable of determining the reasonableness of a hypothesis produced by the evidence or lack thereof than is an appellate court. Thus, this court will not disturb its finding unless the verdict is insupportable as a matter of law.

(Footnotes omitted.) *Augustin v. State*, 260 Ga. App. 631, 632-633 (580 SE2d 640) (2003). *Jowers*, 260 Ga. at 461 (1); *Horner v. State*, 257 Ga. App. 12, 18 (5) (570 SE2d 94) (2002). In part the evidence here included testimony concerning the extremely loud noise made by the impact, as well as testimony concerning how the impact would be perceived inside the truck. Testimony was also presented that Gibson seemed to slow temporarily before proceeding, as well as testimony concerning the appearance of the rig and his conduct when he arrived at his destination. Having considered this and other evidence presented at trial, we find that the evidence in this case, although circumstantial, was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Based on our holding in Division 1, it is unnecessary to address Gibson's remaining enumerations of error, as they are either without merit or unlikely to occur on retrial.

*Judgment reversed and case remanded. Blackburn, P. J., and Mikell, J., concur.*

---

[2] Gibson makes numerous arguments challenging the effectiveness of his trial attorneys. However, because we find this claim of ineffectiveness dispositive, we need not address his remaining contentions.

DECIDED JULY 12, 2006 — 

*Ruth P. Marks*, for appellant.

*Patrick H. Head, District Attorney, H. Maddox Kilgore, Amy H. McChesney, Assistant District Attorneys*, for appellee.