A06A2057. HAMMOND v. THE STATE.
(638 SE2d 893)

MILLER, Judge.

A jury convicted Howard Hammond of aggravated assault and aggravated battery. Hammond appeals from the denial of his motion for a new trial, arguing that his conviction was based upon the perjured testimony of the victim, who was not subjected to a polygraph examination. Discerning no error, we affirm.

Viewed in the light most favorable to the verdict, the evidence shows that Hammond assaulted his girlfriend, Bridgett Smith, with a hot iron, burning her back. Ms. Smith reported the incident at the Monroe Police Department, where Corporal Brian McElreath took her statement. When called to testify at trial, Ms. Smith initially refused, indicating that she loved Hammond and planned a future with him. Ms. Smith eventually testified that she had lied to the police when she filed her report and that she had accidentally burned herself with the iron. Ms. Smith was unable to explain how the accident occurred, but she repeatedly insisted that Hammond did not burn her. The only other witness at trial, Corporal McElreath, testified that Ms. Smith had reported to the police that Hammond had assaulted her with the iron.

Following his conviction, Hammond moved for a new trial on the grounds that Ms. Smith's trial testimony was fabricated. At the hearing on this motion, Ms. Smith again testified that Hammond did not burn her, but claimed that she deliberately burned herself by making the hot iron fall off of a small stool and onto her back. She blamed Hammond because she thought he was seeing someone else and was angry at him. Ms. Smith stated that she was willing to take a lie detector test, and Hammond's counsel requested that one be ordered. The trial judge denied this request and subsequently denied Hammond's motion.

Citing *Fugitt v. State*, 251 Ga. 451 (307 SE2d 471) (1983), Hammond claims that he is entitled to a new trial because he was convicted on perjured testimony and the trial court refused to order that the witness submit to a polygraph exam. As a general rule, "absent proof of a conviction for perjury of a material witness, a verdict cannot be set aside for perjury." (Citation and punctuation omitted.) *Parker v. State*, 274 Ga. App. 347, 348 (1) (617 SE2d 625) (2005). An exception to this rule is made only where "there can be no doubt of any kind that [the State's witness'] testimony in every material part is purest fabrication." *Fugitt*, supra, 251 Ga. at 453. See also *Johnson v. State*, 236 Ga. App. 764, 765 (1) (513 SE2d 291) (1999).

Attempting to avail himself of this exception, Hammond argues that Ms. Smith's trial testimony was fabricated, noting that her testimony at the motion hearing as to how she intentionally burned herself differed from the explanation she gave at trial. Standing alone, however, Ms. Smith's conflicting versions of how she burned herself are insufficient to erase all "doubt of any kind" as to whether her trial testimony was "purest fabrication." See *Fugitt*, supra.

Moreover, Hammond's argument fails to recognize that the testimony which Ms. Smith gave at both the trial and at the hearing was favorable to him — i.e., on both occasions she testified that she had burned herself, and that her report to the police was false. The statements of Ms. Smith which allegedly harmed Hammond were made not at trial, but to the police.

Hammond also fails to support his remaining assertion, that the trial court erred in failing to order a lie detector test for Ms. Smith, by either citation of authority or reasoned argument. Court of Appeals Rule 25 (c) (2). Even were there no abandonment, however, the instant facts fail to satisfy the standard for granting a new trial on the basis of new evidence. A trial court is under no obligation to grant a defendant post-trial discovery in the hope that it will lead to the discovery of new evidence. See OCGA § 5-5-23. Moreover, a defendant seeking a new trial based on new evidence bears the burden of proving, inter alia, that the evidence is not merely cumulative and that it will do more than impeach a witness' credibility. See *Fetter v. State*, 271 Ga. App. 652, 653 (610 SE2d 615) (2005). The results of any polygraph test given to Ms. Smith would not meet these requirements. Accordingly, the trial court did not err in refusing to order such a test.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 17, 2006.

*James E. Millsaps*, for appellant.

*W. Kendall Wynne, Jr., District Attorney, Eric C. Crawford, Assistant District Attorney*, for appellee.