A07A0365. DUNAGAN v. THE STATE.
(649 SE2d 765)

BARNES, Chief Judge.

After a jury found Aaron Dunagan guilty of reckless driving, running a red light, and serious injury by vehicle based on reckless driving, he was convicted and sentenced as a recidivist to seventeen years with ten to serve. On appeal, Dunagan argues that the evidence was insufficient as to reckless driving and that the trial court erred

when it granted the State's motion to exclude evidence concerning the intersection and improvements to it, denied Dunagan's motion for continuance, allowed the victim to appear before the jury, delivered the charge to the jury, and failed to grant a new trial in light of newly discovered evidence. We find no error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We review a trial court's denial of a defendant's motion for directed verdict of acquittal under the same standard. *Williams v. State*, 237 Ga. App. 814, 815 (1) (515 SE2d 875) (1999).

Viewed in the light most favorable to the jury's verdict, the record shows that on the evening of February 17, 2004, Dunagan was driving his truck south on Highway 53 when he approached the intersection with Burlington Road. The posted speed limit was 65 miles per hour, and warning signs of the approaching intersection were posted approximately 700 feet north of it. Before he reached the intersection, the light directed at the north and south lanes of Highway 53 changed from green to yellow. Dunagan then accelerated through the intersection, running what had become a red light, and struck a Ford SUV attempting to turn left in front of him on its passenger side. Dunagan told a state trooper at the scene that "I tried to beat the light and didn't make it."

Although the driver of the Ford was unconscious at the scene, Dunagan was able to leave his vehicle without assistance. He had been drinking beer earlier in the day, smelled of alcohol, and showed signs of impairment on field sobriety tests administered at the scene. He also tested positive on two different alco-sensors. After Dunagan was arrested, he refused the state-administered alcohol test. The victim suffered severe brain damage and other injuries, is a quadriplegic, and is unable to speak or eat.

1. Under OCGA § 40-6-390, a person is guilty of reckless driving when he drives "any vehicle in reckless disregard for the safety of persons or property." Under OCGA § 40-6-394, a person is guilty of serious injury by vehicle when he causes

> bodily harm to another by depriving him of a member of his body, by rendering a member of his body useless, by seriously disfiguring his body or a member thereof, or by causing

organic brain damage which renders the body or any member thereof useless through the violation of Code Section 40-6-390. . . .

The question whether a driver showed "reckless disregard" under a given set of circumstances is for the jury. See *Wilkes v. State*, 254 Ga. App. 447, 449-450 (562 SE2d 519) (2002). Having reviewed the record, we hold that the trial court did not err when it denied Dunagan's motion for directed verdict on the reckless driving charge, and that the evidence was also sufficient to sustain his conviction for serious injury by vehicle. Id. (evidence was sufficient to support conviction for vehicular homicide by reckless driving); *Pennington v. State*, 254 Ga. App. 837, 838 (564 SE2d 219) (2002) (defendant who made an illegal U-turn near a tunnel in an 18-wheeler was guilty of reckless driving); *Pecina v. State*, 274 Ga. 416, 420 (2) (554 SE2d 167) (2001) (evidence of extent of injuries sufficed to sustain defendant's conviction for serious injury by vehicle).

2. Dunagan asserts that the trial court erred when it granted the State's motion in limine to exclude evidence of prior accidents at the same intersection. We review a trial court's decision to admit or exclude evidence only for an abuse of discretion. *Whitley v. Gwinnett County*, 221 Ga. App. 18, 20 (3) (470 SE2d 724) (1996).

The question whether Dunagan drove through the intersection with the reckless disregard necessary to prove both reckless driving and serious injury by vehicle has nothing to do with the history of prior accidents there. Given that there was no evidence of a signal malfunction at the intersection, the trial court did not abuse its discretion when it excluded evidence concerning prior incidents there as irrelevant to the question of Dunagan's reckless disregard. See *Whitley*, supra, 221 Ga. App. at 20 (3) (affirming trial court's exclusion of pre- and post-accident studies of intersection as well as witness statements regarding obstructions there); compare *Gibson v. State*, 280 Ga. App. 435 (634 SE2d 204) (2006) (trial counsel was ineffective for failing to investigate history of intersection, including malfunctioning signal).

3. Dunagan next argues that the trial court erred when it denied his motion for a continuance under the reciprocal discovery statute, OCGA § 17-16-2 (a). We disagree.

A trial court's grant or denial of a continuance will not be disturbed in the absence of an abuse of discretion. *Brown v. State*, 214 Ga. App. 733, 735 (2) (449 SE2d 136) (1994). Dunagan suggests on appeal that his motion was made in response to the State adding twenty-two witnesses to its witness list within ten days of the trial noticed for May 12, 2006. See OCGA § 17-16-8 (a) (State shall furnish witness list to defense not later than ten days before trial "unless for

good cause the judge allows an exception to this requirement," in which case counsel shall be afforded an opportunity to interview any new witnesses). The record shows, however, that when Dunagan first moved for a continuance at the pre-trial hearing on May 4, his concern was the unavailability of his own expert witness, which the trial court accommodated by allowing the witness to testify on May 22, and that Dunagan had not supplied the State with his own witness list and other documents by the time of the May 4 hearing.

Dunagan filed a written motion for continuance on these grounds on May 11, which the trial court denied in an order filed on May 12. Dunagan renewed his motion on May 15, the day trial began, on the ground that the State had added a new witness with a criminal history on May 12. The record shows that the State itself learned of this witness's existence only on May 12, that the State provided Dunagan with the witness's cell phone number on May 15, that counsel's daughter was assisting her father in court and was available to interview the witness, and that the trial court stated that Dunagan would have the opportunity to interview the new witness. Under these circumstances, and because Dunagan has not shown that he was prejudiced by the commencement of trial on May 15, we cannot say that the trial court abused its discretion when it denied Dunagan's motion. See *Cockrell v. State*, 281 Ga. 536, 538-539 (3) (640 SE2d 262) (2007) (where there was no evidence that the State had acted in bad faith and where defense was given opportunity to interview witness, the trial court did not abuse its discretion in refusing to exclude evidence under OCGA §§ 17-16-8 and 17-16-6); *Johnson v. State*, 241 Ga. App. 448, 450 (2) (a) (526 SE2d 903) (1999) (no violation of witness list rule when State provided defendants with witness's statement on the day it was taken, four days before trial, and when defendants did not seek a recess at trial to interview witness).

4. We reject Dunagan's argument that the trial court erred when it allowed the victim to appear before the jury. "Any evidence is relevant which logically tends to prove or disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant." (Citation omitted.) *Dudley v. State*, 204 Ga. App. 327 (2) (419 SE2d 138) (1992). Here, the court briefly introduced the victim to the jury so that the State could show the extent of her injuries as required under OCGA § 40-6-394. There was no error. See id. (videotape was relevant and admissible in that it illustrated the extent of a victim's injuries).

5. Dunagan also argues that the trial court erred when it refused to include Dunagan's requested charge on failure to yield (OCGA § 40-6-71) in its original charge; when it charged on driving too fast

for conditions (OCGA § 40-6-180); and when, in response to written questions submitted the following morning, it recharged the jury on driving too fast for conditions and added the previously omitted charge on failure to yield.

In a direct response to a question from the trial court, Dunagan said that he had no objection to the recharge as given. He has therefore waived any objections he may have had on appeal. *Rapier v. State*, 245 Ga. App. 211, 215 (3) (535 SE2d 860) (2000) (affirmatively accepting recharge waives objections on appeal).

6. Finally, we reject Dunagan's contention that the trial court erred when it denied his extraordinary motion for new trial on the basis of newly discovered evidence.

> It is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness. All six requirements must be complied with to secure a new trial.

(Citations and punctuation omitted.) *Timberlake v. State*, 246 Ga. 488, 491 (1) (271 SE2d 792) (1980). Motions for new trial on the ground of newly discovered evidence "are addressed to the sound discretion of the trial judge, and a refusal to grant the motion will not be reversed unless that discretion is abused." (Footnote omitted.) *Fetter v. State*, 271 Ga. App. 652, 653 (610 SE2d 615) (2005).

The gist of the affidavits and testimony of Dunagan's two principal witnesses[1] at the hearing on the motion, the first of whom had called 911, was that the accident was the fault of the victim in failing to yield, not of Dunagan in failing to stop. A 911 administrator also testified that she had notified Dunagan before trial that no recording was available and had supplied him instead with a computer aided dispatch report listing the first witness's phone number (but not his name).

---

[1] As evidence of the victim's direction of travel, Dunagan also introduced the statement of a third witness avowing that although the light on Burlington was red throughout, in which case Dunagan would have had a green light on Highway 53, Dunagan was at fault nonetheless.

Citing and applying *Timberlake*, the trial court held that the evidence at issue was cumulative to the testimony of Dunagan's brother, who testified that the light under which Dunagan was traveling on Highway 53 turned red *after* the collision. The trial court also held that because the first witness gave his name and business card to Dunagan at the scene, and because counsel had access to this witness's phone number from the outset, Dunagan's failure to produce him at trial amounted to a lack of due diligence.

A witness's evidence is not "newly discovered" when the defendant is with the witness at the scene and knows of his existence. *Fetter*, supra, 271 Ga. App. at 654 ("newly available" evidence is not necessarily "newly discovered"). More important, Dunagan's brother's testimony as well as the cross-examination of two police officers had already raised the possibility that the victim was at fault for failing to yield. The trial court was entitled to conclude not only that the new evidence was cumulative and that some or all of it lacked credibility, but also that in light of Dunagan's admission at the scene, the new evidence was not likely to have produced a different verdict. See *Jewell v. State*, 261 Ga. 861, 862 (2) (413 SE2d 201) (1992); *Hester v. State*, 219 Ga. App. 256 (1) (465 SE2d 288) (1995).

The trial court did not abuse its discretion when it denied Dunagan's extraordinary motion for new trial.

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED JULY 3, 2007 —
RECONSIDERATION DENIED JULY 19, 2007 — ▮▮▮▮▮▮

*Stephen F. Lanier, H. Maddox Kilgore*, for appellant.
*Leigh E. Patterson, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.